In re James C. HALAS, Debtor.

Bankruptcy No. 95 B 10592.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Nov. 14, 1998.

David P. Lloyd, Brookfield, IL, for Plaintiff.

Don Hamilton, Melrose Park, IL, for Defendant.

David F. Platek, Pro se.

## MEMORANDUM OPINION ON DEBTOR'S MOTION FOR REHEARING

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding relates to the bankruptcy case originally filed by James C. Halas

("Debtor" or "Halas") under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* on May 25, 1995. On April 9, 1996, the bankruptcy case was dismissed upon motion of the trustee, and the case was closed on May 22, 1996.

On May 11, 1998, the bankruptcy case was reopened solely to consider a motion under 11 U.S.C. § 362(h) for sanctions for asserted violation of the automatic stay while the case was pending and for recovery of sanctions for alleged resulting harm. Two creditors, being Robert France represented by counsel Regan Ebert, and David Platek ("Plaintiffs"), had proceeded with a state court law suit after filing of the Chapter 13 petition. The two-year delay in bringing the § 362(h) motion was occasioned by Debtor first going into the state court for relief. In agreeing to hear this motion for sanctions, the Court understood that the only relief that Debtor had sought in the state court was vacation of the default judgment entered there against him. However, during the bankruptcy court hearing on Debtor's motion for sanctions it became apparent that, as part of his motion to vacate the state court judgment, Debtor had requested in that court *inter alia* relief from the default judgment, a return of all monies collected pursuant to the default judgment, a stay of any further collection, and any other relief the state court might deem equitable.

The state court hearing on Debtor's motion there was lengthy. At the conclusion, Circuit Court Judge Heyda vacated the default judgment conditioned upon Debtor paying specified attorneys' fees to the creditors and denied Debtor's request for any further relief. When the full parameters of Debtor's state court effort became apparent, this Court earlier determined that Debtor's motion for sanctions here was barred by *res judicata*, and that his motion to reopen this bankruptcy case had been improvidently granted. An order to that effect was entered June 8, 1998, and the bankruptcy case was again closed on June 12, 1998. On June 18, 1998, Debtor filed a motion for rehearing.

Such motion was fully briefed by both parties. As discussed below, the motion for rehearing is granted to consider briefings by the parties of the *res judicata* issue not briefed before the earlier ruling, but the original decision will be affirmed.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(O).

## DISCUSSION

The automatic stay prevents a "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Matter of Rimsat, Ltd.,* 98 F.3d 956, 961 (7th Cir.), *reh'g denied,* (1996) (citing *Matter of Holtkamp,* 669 F.2d 505, 508 (7th Cir.1982)). As a result, its value in the bankruptcy process cannot be underestimated. Bankruptcy Code § 362(h) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

The present issue is whether this Court was correct in determining that Debtor's actions seeking his remedies in the state court litigation and rulings of the court there bar pursuing his motion for sanctions in this Court under 11 U.S.C. § 362(h) under the *res judicata* doctrine or for comity reasons or otherwise.

### Res judicata bars Debtor's request for sanctions here.

■■■ *Res judicata* [1] is a well-established doctrine which "bars relitigation of claims that were or could have been asserted in an earlier proceeding." *D & K Properties Crys-*

1. Generally, where a federal plaintiff was the plaintiff during the state court action, *res judicata* applies, not the Rooker–Feldman doctrine. *Cen-*

*tres, Inc. v. Town of Brookfield, Wis.,* 148 F.3d 699, 702 (7th Cir.1998).

*tal Lake v. Mutual Life Ins. Co. of New York,* 112 F.3d 257, 259 (7th Cir.1997) (citing *Levinson v. United States,* 969 F.2d 260, 262 (7th Cir.), *cert. denied,* 506 U.S. 989, 113 S.Ct. 505, 121 L.Ed.2d 441 (1992)). There are three elements to *res judicata:* (1) identity of the parties or their privies; (2) identity of the causes of action; and (3) final judgment on the merits. *Id.* (citing *Barnett v. Stern,* 909 F.2d 973, 978 (7th Cir.1990)).

Debtor contends that he could not have asserted a cause of actions for violations of the automatic bankruptcy stay during the state court proceeding. He argues first that motions for sanctions for violations of 11 U.S.C. § 362 come within the exclusive jurisdiction of the bankruptcy court. Second, he asserts that, as the state court proceeding was brought in violation of the automatic stay, the entire proceeding (including, it would follow, his own motion for relief) was void. As such, the state court would have been unable to rule on any sanctions motion that the Debtor brought, and the judge's rulings there were void.

Bankruptcy Court jurisdiction arises out of 28 U.S.C. § 1334 which provides:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction *of all cases* under title 11.

(b) Not withstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original *but not exclusive* jurisdiction *of all civil proceedings* arising under title 11, or arising in or related to cases under title 11.

11 U.S.C. § 1334(a) and (b) (emphasis added). Bankruptcy cases are then referred to the bankruptcy court pursuant to Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois.

The phrase "all cases under title 11" refers to the bankruptcy case itself, while the phrase "all civil proceedings arising under title 11, or arising in or related to cases under title 11" refers to adversary proceedings and contested matters which develop out of the bankruptcy proceeding. *See In re Sumpter,* 171 B.R. 835, 839 (Bankr.N.D.Ill.

1994) (stating "the ultimate relief claimed under section 362(h) is a matter which arises under the Bankruptcy Code for purposes of 28 U.S.C. § 1334(b)"); *In re Davis,* 177 B.R. 907, 912 (9th Cir. BAP 1995) (finding that bankruptcy courts have jurisdiction over civil proceedings arising under title 11 pursuant to 28 U.S.C. § 1334(b) and that an action under 362(h) is such a proceeding). Since jurisdiction under § 1334(b) is "original but not exclusive", the bankruptcy court is not the only one with jurisdiction over a debtor's motion for sanctions under § 362(h). While an issue arising under § 362(h) is certainly one for which the bankruptcy court is well experienced, concurrent jurisdiction lies in state court.

Debtor points out that a Seventh Circuit opinion stated that "[s]ection 1334(a) of the Judicial Code vests original and exclusive jurisdiction over cases arising under Title 11 (the Bankruptcy Code) in the federal district courts, and a case under section 362(h) is such a case." *Martin–Trigona v. Champion Federal Savings and Loan Association,* 892 F.2d 575, 577 (7th Cir.1989). That opinion thereby suggested that jurisdiction over a sanctions proceeding would lie under § 1334(a). However, in so stating, the Circuit opinion combined discussion of elements of § 1334(a) ("original and exclusive jurisdiction") with § 1334(b) (a case "arising under" title 11).

As earlier noted, § 1334(a) applies original and exclusive jurisdiction to all "cases under title 11," but concurrent jurisdiction ("original but not exclusive") applies to all "civil proceedings arising under title 11." Thus, the phrase "arising under" is found under 1334(b), while in *Martin–Trigona,* the Circuit opinion uses the phrase "arising under" as if it appeared in 1334(a). The opinion blurred the distinction between "cases" and "civil proceedings" in those two provisions when it discussed in dicta that bankruptcy courts have exclusive jurisdiction over certain matters. As the statement was dictum, it is difficult to look to *Martin–Trigona* as binding precedent in the issue faced here. That is not sufficient authority to challenge the

clear language of 28 U.S.C. § 1334(a) and (b) discussed above.[2]

Debtor also argues that the state court judge was unable to issue sanctions or any other ruling as the entire case in that court was void as a result of the automatic stay. *See In re Harrison,* 185 B.R. 607, 609 (Bankr.D.Kan.1995). In *Harrison* a creditor filed a civil action against the debtor after the debtor filed a Chapter 13 petition. The bankruptcy court found that it, and not the state court, had jurisdiction to determine any disputes concerning the violation of the automatic stay because the "state court litigation was brought in violation of the stay and is void. As a result, the state court could not have had jurisdiction to consider debtor's request for attorney [sic] fees." *Id.*

■ Here, however, the state court action against *Halas* was brought prior to the filing of Debtor's bankruptcy; it was not filed in violation of any automatic stay. Debtor filed this Chapter 13 on May 25, 1995, eight days after Plaintiffs filed the state court action on May 17, 1995. Although entry of the default judgment after bankruptcy filing was a stay violation, mere continued pendency of the state court action was not in violation of the stay. Concurrent jurisdiction therefore remained with the state court to issue any appropriate sanctions for stay violation.

■ Moreover, the motion for vacation of the default judgment and for monetary relief was brought by Debtor, so it was certainly not barred by the automatic stay; a debtor is not barred by the Bankruptcy Code from seeking relief in state court. *See* 11 U.S.C. § 362. Thus, the state court had jurisdiction to hear all issues involving remedies sought by Debtor against creditors, and Debtor's second bite at the sanctions apple in this Court is barred by the doctrine of *res judicata.*

*Discretion to Open and Close*
*Bankruptcy Case*

■ It is well established, pursuant to § 350 of the Bankruptcy Code, that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision whether to reopen a closed bankruptcy case is within the judge's sound discretion. *Matter of Bianucci,* 4 F.3d 526, 528 (7th Cir.1993). Such a decision will not be disturbed on appeal short of an abuse of discretion. *In re McDonald,* 161 B.R. 697, 698 (D.Kan.1993).

■ Under some circumstances it is certainly appropriate to reopen a closed bankruptcy case to accord relief to the debtor for violations of the automatic stay or the discharge injunction. A showing of harm caused by such violations during pendency of the bankruptcy would probably constitute "cause" to reopen under § 350(b). However, in this case, the fact remains that Debtor already litigated a similar motion for sanctions at the state court level. As a result of *res judicata,* there is no "relief" which the court may accord the debtor. Cause to reopen no longer exists. *In re Kean,* 207 B.R. 118, 122 (Bankr.D.S.C.1996) (stating that where concurrent jurisdiction exists in dischargeability area, debtor who fully litigated issue in state court can be estopped from crying to bankruptcy court for relief).[3]

■ Moreover, Debtor's bankruptcy was dismissed on April 9, 1996, upon motion of the Chapter 13 Trustee for non-payment of Plan payments. Generally, § 350(b) applies to cases that were closed following administration of assets, not cases that were dismissed for defaults by debtors. *See Matter of Statistical Tabulating Corp., Inc.,* 60 F.3d 1286, 1288 (7th Cir.1995), *cert. denied,* 516 U.S. 1093, 116 S.Ct. 815, 133 L.Ed.2d 759 (1996) (stating "dismissal of a bankruptcy proceeding normally results in dismissal of

---

**2.** Another Seventh Circuit case favorably cited by Debtor as following *Martin–Trigona* stated merely that a suit under § 362(h) could be brought in district court as well as bankruptcy court. *Price v. Rochford,* 947 F.2d 829, 831 (7th Cir.1991) (citing *Martin–Trigona,* 892 F.2d at 577).

**3.** In *Kean,* the debtor raised his discharge as an affirmative defense before a NASD arbitration panel. When the panel returned an unfavorable decision, the debtor returned to bankruptcy court to seek sanctions. The bankruptcy court said he was estopped from raising the same issue that was before the panel. 207 B.R. at 122.

related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceeding" although exceptions to this rule exist); *and see In re Income Property Builders, Inc.,* 699 F.2d 963, 964 (9th Cir.1982) (finding where bankruptcy was dismissed following modification of the stay, bankruptcy court loses all power to order stay reinstated or award damages attributed to stay vacation).

### Comity And Abstention

■■■■■ While *res judicata* bars Debtor from relitigating this motion in the bankruptcy court, even if *res judicata* were inapplicable, comity would prevent this motion from being heard in bankruptcy court. "Judicial comity is the principle whereby the courts of one jurisdiction may give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and respect. It is a rule of practice rather than a rule of law." *Safety–Kleen Corp. v. Canadian Universal Insurance Co., Ltd.,* 258 Ill. App.3d 298, 197 Ill.Dec. 472, 631 N.E.2d 475 (Ill.App.Ct.1994) (internal citations omitted). Here, the state court had an opportunity to award monetary relief requested by Debtor and for whatever reason chose not to make such an award. Out of respect and deference for the state court's abilities to fairly determine matters before it, no further proceedings on Debtor's motion will be held. Each court, federal and state, has a strong interest "in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory." *Id.* (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14 n. 12, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)) (quoting *Juidice v. Vail,* 430 U.S. 327, 336, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977)).

■■■■■ "Comity is made especially relevant in bankruptcy proceedings by the discretionary abstention provision under which courts have broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of comity with state courts or respect for state law.'" *KSJ Development Co. of Louisiana v. Lambert,* 223 B.R. 677, 680 n. 5 (E.D.La.1998) (citations omitted). As stated, § 1334(c) provides that the court has discretionary authority "in the interest of justice or in the interest of comity with state courts or respect for state law," to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Here the motion to vacate brought in state court was fully litigated and included a request for monetary compensation among other items. Pursuant to § 1334(b), as earlier discussed, the state court had concurrent jurisdiction along with the bankruptcy court to punish violations of the automatic stay. There are four basic factors to be applied when determining whether to abstain: (1) the extent to which issues of state law predominate; (2) the difficulty or unsettled nature of the applicable law; (3) the presence of a related proceeding pending or commenced in a non-bankruptcy court; and (4) the likelihood that commencement of the proceedings in bankruptcy court was forum shopping by one of the parties. *In re Siragusa,* 27 F.3d 406, 408 (9th Cir. 1994). Although it is true that issues of federal bankruptcy law predominate here over issues of state law, the other three factors weigh heavily in favor of abstention. Applicable law concerning violations of the automatic stay is not in controversy. A related proceeding seeking relief was prosecuted in state court and fully litigated by Debtor. Finally, Debtor brought the motion for sanctions in the bankruptcy court only after receiving an unfavorable decision in the state court, clearly suggesting forum shopping. Debtor's claim was argued, briefed, considered, and lost in the state court. As in *Siragusa,* his "belated federal action [seems to be] an attempt at 'an end run over the state court jurisdiction.'" *Id.* at 408–09. Moreover, where issues have already been fully litigated in the state court, abstention is indicated. *In re McCray,* 209 B.R. 410, 414 (Bankr.N.D.Miss.1997).

### CONCLUSION

For reasons set forth above and pursuant to order to be separately entered, Debtor's motion for rehearing was granted to allow review of briefings filed on issues not earlier briefed. However, after considering the

pleadings and briefs submitted by the parties, the order of May 18, 1998, stands and Debtor's bankruptcy case will remain closed, so the motion to vacate the earlier order will be denied.