James C. **HALAS,** Appellant,

v.

David **PLATEK,** and Regan Ebert, **Appellees.**

No. 98 C 8189.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 27, 1999.

David P. Lloyd, Brookfield, IL, for plaintiff.

Don Hamilton, Melrose Park, IL, for defendant.

David F. Platek, pro se.

## OPINION and ORDER

NORGLE, District Judge.

Section 362(a) of the Bankruptcy Code mandates that an automatic stay shall operate upon the filing of a bankruptcy petition, *see* 11 U.S.C. § 362(a), while § 362(h) provides a remedy for willful violations of the automatic stay, *see* 11 U.S.C. § 362(h). Specifically, § 362(h) states that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). The issue before the court is a novel one: whether state courts have jurisdiction to impose § 362(h) sanctions.

James Halas, a former Chapter 13 debtor, moved for § 362(h) sanctions before the Bankruptcy Court. Halas argued that mandatory sanctions under § 362(h) were warranted against Regan D. Ebert and David F. Platek, two lawyers who were involved in a state court battery action against him, for violating an automatic stay while his bankruptcy case was pending. The Bankruptcy Court denied Halas' motion, finding that res judicata applied because Halas had presented a similar re-

quest for relief before the state court. Halas now appeals.

As explained below, this court concludes that the state court lacked jurisdiction to impose a § 362(h) sanction. Accordingly, res judicata did not apply, and the decision of the Bankruptcy Court is reversed and remanded.

## I. BACKGROUND

The Bankruptcy Court recited the relevant facts and explained its reasoning during a hearing on June 8, 1998, and in an Opinion and Order dated November 14, 1998, see In re Halas, 226 B.R. 618 (Bankr.N.D.Ill.1998). A brief summary follows.

On May 17, 1995, Ebert filed a battery action against Halas on behalf of Robert France. Eight days later, on May 25, 1995, Halas, allegedly unaware of the battery action against him, filed for bankruptcy under Chapter 13 of the Bankruptcy Code. Despite the pendency of Halas' bankruptcy case and its automatic stay, Ebert obtained a default judgment against Halas on the state court action on January 11, 1996 for $8,107.

On February 10, 1996, Halas allegedly learned of the state court proceedings for the first time, after the state court ordered Ebert to send Halas notice of the default judgment on January 17, 1996. And on February 15, 1996, Halas notified Ebert of his pending bankruptcy case; it was only at that point did France, Ebert, and Platek become aware of Halas' pending bankruptcy. In April 1996, Halas' bankruptcy case was dismissed, and it was closed in May 1996. Ebert later transferred her file on the state court case to Platek to enforce the judgment. In September 1996, Platek served a wage deduction on Halas' employer. Halas ultimately lost approximately $5,400 in garnished wages.

In April 1997, Halas moved to vacate the judgment in state court on the grounds that it was void because it was entered while the automatic stay was pending. In that same motion, Halas requested a return of all monies collected pursuant to the default judgment, a stay of any further collection, and any other relief the state court might deem just and equitable. On December 11, 1997, the state court granted Halas' motion to vacate, contingent on his payment of the legal fees of Ebert and Platek, but denied Halas' request for further relief. In January 1998, the state court amended its order, making the vacation absolute but still ordering Halas to pay the legal fees of Ebert and Platek.

In May 1998, Halas moved for § 362(h) sanctions in the Bankruptcy Court against Ebert and Platek based on their alleged violations of the automatic stay and his resulting harm. Specifically, Halas sought sanctions based on the failure of Ebert and Platek to vacate the state court judgment upon receiving notice of his bankruptcy case.[1] Further, Halas argued that the failure of Ebert and Platek to restore the status-quo upon notice of the stay violation warranted sanctions.

On May 14, 1998, the Bankruptcy Court agreed to re-open Halas' bankruptcy case solely to hear his § 362(h) motion. At hearings in early June 1998, the Bankruptcy Court first deemed the entry of the state court judgment an absolute nullity because it was a violation of the stay. After hearing testimony and arguments, the Bankruptcy Court found that Ebert did not willfully violate the stay because she had ceased working on the state court judgment upon notice of Halas' bankruptcy case. Tr. Hearing of June 8, 1998, at 95. The Bankruptcy Court, however, found that Platek, in pursuing execution of the state court judgment, and in defending that judgment, committed a willful violation of the stay. See id. at 106.

Nonetheless, the Bankruptcy Court concluded that the state court had concurrent

---

1. Halas' motion for sanctions was not directed at the entry of the state court judgment because that was an inadvertent violation of the stay.

jurisdiction to impose § 362(h) sanctions, *see id.* at 103–04, and thus, res judicata barred Halas' motion for sanctions at bar. *See id.* at 107–08. The Bankruptcy Court reasoned:

> Even though [§ 362(h) sanctions were] not expressly sought in state court in so many words, I believe that the substance of all remedies that might have been sought, in addition to the ones expressly sought in the state court in terms of vacating the judgment and getting monies back that were collected by garnishment, and those inferentially sought in state court, for, "any other relief that the court deems just and equitable," means that Mr. Halas had his petition before a court authorized to give complete relief. He took a bite at the apple and he didn't like the taste of the result. And in that sense, the determination with the state judge is res judicata of the issues represented here, seeking sanctions for willful violation of the automatic stay.

*Id.* at 105. Additionally, the Bankruptcy Court, *sua sponte,* vacated its earlier order that re-opened Halas' bankruptcy case on the ground that it had been improvidently entered. *See id.* at 108–09.[2]

Halas then moved for a rehearing on June 18, 1998, arguing that he could not have asserted his § 362(h) motion for sanctions before the state court because violations of an automatic stay fall within the exclusive jurisdiction of the bankruptcy court. In an Opinion and Order, the Bankruptcy Court denied the motion, repeating and supplementing its earlier reasoning. The court concluded that under 28 U.S.C. § 1334(b),[3] the state court had concurrent jurisdiction to impose a § 362(h) sanction and found that Halas had "litigated a similar motion for sanctions at the state level." 226 B.R. at 623.

On the issue of jurisdiction, the Bankruptcy Court rejected dicta in *Martin–Trigona v. Champion Fed. S & L,* 892 F.2d 575, 577 (7th Cir.1989) that bankruptcy courts have exclusive jurisdiction to decide whether to impose § 362(h) sanctions. *See id.* at 621–22. The Bankruptcy Court reasoned that the court in *Martin–Trigona* blurred the distinction between the provision providing exclusive jurisdiction to bankruptcy courts, § 1334(a), and the provision which provides for non-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11," § 1334(b). *See id.*

The Bankruptcy Court also rejected Halas' argument that the state court was unable to issue sanctions because the case before it was void as a result of the automatic stay. The Bankruptcy Court reasoned that because the state court action was filed before Halas filed for bankruptcy, it was not filed in violation of the stay. *See id.* at 622. Specifically, the Bankruptcy Court found that "[a]lthough entry of the default judgment after bankruptcy filing was a stay violation, mere continued pendency of the state court action was not in violation of the stay." *Id.* Finally, the Bankruptcy Court concluded, in the alternative, that comity would prevent it from hearing Halas' § 362(h) motion for sanctions. *See id.* at 623 (*citing* 28 U.S.C. § 1334(c)).

Halas now appeals, presenting three issues for review: (1) whether the Bankruptcy Court erred in concluding that Ebert did not willfully violate the stay; (2) whether res judicata barred his § 362(h) motion for sanctions; and (3) whether the Bankruptcy Court abused its discretion by vacating its earlier order to re-open his case and then ordering the case reclosed. It is important to note that typical of the

---

**2.** The Bankruptcy Court also explained that the ideal route for Halas to have taken would have been to forego his motion to vacate in state court and instead immediately seek relief in bankruptcy court. *See* Tr. Hearing of June 8, 1998, at 99.

**3.** As noted, *infra,* § 1334 is the jurisdictional provision for bankruptcy courts.

788

prior history of this case, it is unclear whether Platek is aware of Halas' appeal. And if Platek did receive notice of this appeal, he provides no explanation for his failure to file a response brief.

## II. DISCUSSION

■ The district court reviews a bankruptcy court's factual findings for clear error and its conclusions of law de novo. *See In re Scott,* 172 F.3d 959, 966 (7th Cir.1999). "De novo review requires the district court to make an independent examination of the bankruptcy court's judgment without giving deference to that court's analysis or conclusions." *Smoker v. Hill & Assocs., Inc.,* 204 B.R. 966, 971 (N.D.Ind.1997) (*citing Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1210 (7th Cir. 1984)).

The threshold issue is whether a state court has jurisdiction to impose sanctions under § 362(h). In other words, the question is whether a § 362(h) motion for sanctions falls under the exclusive jurisdiction of the bankruptcy court pursuant to § 1334(a) or under the non-exclusive jurisdictional provision of § 1334(b). Section 1334 provides, in relevant part:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Not withstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(a) and (b).

Section 1334's use of the term "district courts" encompasses bankruptcy courts via 28 U.S.C. § 157(a). Section 157(a) states that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. All bankruptcy cases in this district are immediately referred to the bankruptcy court." *See* N.D.ILL. LOCAL R. 2.33(A).

■ Before addressing the issue of jurisdiction, the court provides the following overview of § 362, and § 362(h) specifically:

Section 362 is the central provision of the Bankruptcy Code. When a debtor files for bankruptcy, section 362 prevents creditors from taking further action against him except through the bankruptcy court. The stay protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 54–55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840–41; and *In re Holtkamp,* 669 F.2d 505, 508 (7th Cir.1982).

In 1984 Congress overhauled the Bankruptcy Code and its related jurisdictional statutes in an effort to solve constitutional problems identified by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). As part of the package, Congress also amended section 362 to add an explicit sanction for willful violations of the automatic stay. The new subsection (h) provides:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

Pub.L. No. 98–353, § 304, 98 Stat. 352 (1984).

In the process of passing the 1984 amendments, not much was said about the new sanction. In fact, no one seems to have thought much about it at all. Congress did not enact a statute of limitations, nor did it clarify what kinds of

"actual damages" may be recovered, whether a corporate debtor counts as "an individual" and whether willfulness requires mere knowledge of the automatic stay or knowledge that one's actions will violate the stay.

*Price v. Rochford,* 947 F.2d 829, 831 (7th Cir.1991).

As the Seventh Circuit noted, Congress did not provide much guidance when it enacted § 362(h). *See also Pettitt v. Baker,* 876 F.2d 456, 457 (5th Cir.1989) (noting that there is not a "plethora of enlightening references [to § 362(h) ] in the relevant legislative history."). The section is silent on a number of issues, including one the *Price* court did not list—jurisdiction. Moreover, the court's research did not find any federal case directly addressing the jurisdictional issue at bar, *i.e.,* whether a state court has jurisdiction to impose § 362(h) sanctions.

The only federal case that arguably sheds some light is *Martin–Trigona,* in which the Seventh Circuit stated, in passing: "Section 1334(a) ... vests original and exclusive jurisdiction over *cases arising under Title 11* ... in the federal district courts, *and a case under section § 362(h) is such a case.*" 892 F.2d at 577 (emphasis added.). In so stating, the court of appeals deemed a party's request for § 362(h) sanctions a "case," and therefore within the exclusive jurisdiction of federal district courts under § 1334(a). *See id.* At the same time, however, the court referred to a § 362(h) request as a cause of action and used the "arising under" language of § 1334(b) while referring to the exclusive jurisdiction provision in § 1334(a). *See id.* Thus, upon independent review, this court finds that the Bankruptcy Court correctly noted that the reference to § 362(h) in *Martin–Trigona* "combined" discussion of the elements of § 1334(a) (exclusive jurisdiction of all cases under title 11) with the elements of § 1334(b) (concurrent jurisdiction of all civil proceedings "arising under" title 11).

The Bankruptcy Court also correctly deemed the statement dictum.

■ Although the statement in *Martin–Trigona* is misleading and dictum, it does not necessarily follow that it was legally incorrect. This court does not easily disregard dictum of the Seventh Circuit, and de novo review requires this court to take a fresh look at the Bankruptcy Court's conclusion that state courts have concurrent jurisdiction over § 362(h) motions via § 1334(b). As alluded to earlier, one reading of *Martin–Trigona* that would support the Seventh Circuit's placement of § 362(h) under the exclusive jurisdiction provision of § 1334(a) is that the court found that a violation of § 362(h) creates a "case." *Martin–Trigona,* 892 F.2d at 577 (*citing Pettitt v. Baker,* 876 F.2d 456 (5th Cir.1989)). Thus, as a "case," a § 362(h) request for sanctions would fall under the exclusive jurisdiction of the bankruptcy courts via § 1334(a).

The Bankruptcy Court, however, found that § 1334(a)'s exclusive jurisdiction provision applied only to the bankruptcy case itself, not to a request for sanctions under § 362(h). *See Halas,* 226 B.R. at 621. The Bankruptcy Court then contrasted the broader scope of § 1334(b) by stating that § 1334(b)'s "phrase 'all civil proceedings arising under title 11, or arising in or related to cases under title 11,' refers to adversary proceedings and contested matters which develop out of the bankruptcy proceeding." *Id.* (*citing In re Sumpter,* 171 B.R. 835, 839 (Bankr.N.D.Ill.1994) and *In re Davis,* 177 B.R. 907, 912 (9th Cir. BAP 1995)). The Bankruptcy Court deemed a § 362(h) request for sanctions as such a contested matter (or civil proceeding) that develops out of the bankruptcy proceeding. *See id.* Accordingly, the Bankruptcy Court concluded that the state court had concurrent jurisdiction to impose the § 362(h) sanctions. *See id.* at 621–22.

As noted, the Bankruptcy Court cited *In re Sumpter* and *In re Davis* to support its conclusion that state courts have concurrent jurisdiction to impose § 362(h) sanc-

tions. These cases, however, provide minimal support. In *Sumpter*, the bankruptcy court relied on § 1334(b) to assert its jurisdiction over a request for § 362(h) sanctions and issues involving Illinois law. *See* 171 B.R. at 839. Similarly, in *Davis*, the bankruptcy panel asserted jurisdiction over a § 362(h) action pursuant to § 1334(b). *See* 177 B.R. at 922. Of course, the persuasive value of these cases is that each cited to § 1334(b), the non-exclusive jurisdictional provision of the Bankruptcy Code, to assert jurisdiction over a request for § 362(h) sanctions; it is unclear, however, whether the *Sumpter* court's reliance on § 1334(b) was directed at its exercise of jurisdiction over the state law issues before it. Notwithstanding this reliance on § 1334(b), neither *Sumpter* nor *Davis* establish that a state court has jurisdiction over a § 362(h) request for sanctions. Authority for that proposition is scarce, to say the least.

Nonetheless, the court's research has discovered one state case, *Hawthorne v. Hameed, M.D.*, 836 P.2d 683 (Okl.Ct.App. 1989), and one case from the District of Columbia, *Powell v. Washington Land Co., Inc.*, 684 A.2d 769, 773 (D.C.Ct.App.1996), that address whether state courts have concurrent jurisdiction to impose § 362(h) sanctions. Although these cases constitute minimal persuasive authority, each provides analysis of the issue and each renders a distinct conclusion. The court in *Hawthorne* concluded that a state court lacks jurisdiction over a § 362(h) request for sanctions, while the court in *Powell* concluded that a state court shares jurisdiction over a § 362(h) request with federal district courts.[4] This court first reviews the decision in *Hawthorne*.

In that case, a collection agency, Oklahoma Collection Bureau ("OCB"), obtained a default judgment against Hawthorne in an Oklahoma state court based on his failure to pay medical bills to Akhtar Hammeed, M.D. *See Hawthorne*, 836 P.2d at 684–85. OCB then began garnishing the wages of Hawthorne's wife. Hawthorne filed for bankruptcy some six months later, triggering an automatic stay. Nonetheless, OCB, allegedly lacking notice of Hawthorne's bankruptcy, began garnishing his wages. Hawthorne lost his job as a result.

Hawthorne then sued OCB and Hammeed under Oklahoma law for causing his job loss and emotional distress. A jury ultimately awarded the plaintiff $175,000 in compensatory damages. On appeal, the defendants challenged the state court's jurisdiction over the plaintiff's action because it was based solely upon an alleged violation of the bankruptcy stay. *See id.* at 684.

The court first reasoned that "the bankruptcy court has the responsibility to determine the effects of its own stay and to enforce its own orders.... Any proceedings involving the bankrupt debtor are outside a state court's jurisdiction." *Id.* at 685. The court found this reasoning consistent with Oklahoma law, which provides that "the power of a state court to punish lies exclusively in the court whose order is violated." *Id.* The court, however, acknowledged that it had not found any case involving a similar factual scenario. *See id.* Accordingly, the court turned to a Florida State University law review article, *see id.* at 685–86, which states that "claims for relief from creditor's acts prohibited solely by the automatic stay should be brought only in bankruptcy court." Jeffrey A. Stoops, *Monetary Awards to the*

---

4. At least one other state court has addressed the issue and found that it lacked jurisdiction over a § 362(h) request for sanctions. *See Ramdharry v. Gurer*, 1995 WL 41353 (Conn.Super.Ct. Jan. 25, 1995). The court's reasoning, however, is limited: "An award of monetary damages for a violation of a court order is rightfully within the jurisdiction of

the Court whose order was violated." *Id.* at *3 (*citing Hawthorne*). In a similar vein, a Massachusetts state court expressed, without elaboration: "There is also doubt that a claim under § 362(h) could be brought before a State court." *Pemstein v. Stimpson*, 36 Mass. App.Ct. 283, 630 N.E.2d 608, 614 (1994).

*Debtor for Violations of the Automatic Stay*, 11 Fla.St.U.L.Rev. 423, 425–26 (Summer 1993).

Returning to the facts before it, the court found that OCB had a lawful right to garnish Hawthorne's wages until he filed for bankruptcy. *See Hawthorne*, 836 P.2d at 686. The court explained that OCB's acts "became 'wrongful' or 'negligent' only under federal law upon the imposition of the automatic stay." *Id.* Thus, the court reasoned, "[OCB's] alleged wrongful garnishment was not actionable under state law because Hawthorne was not entitled to relief in state court for acts arising solely from a violation of the automatic stay ordered by the federal bankruptcy court." *Id.* Accordingly, the court held that the state court lacked jurisdiction over Hawthorne's action, concluding: "This matter should have been brought before the bankruptcy court for violation of its own order. This was the exclusive province of the bankruptcy court." *Id.*

In *Powell*, a property manager, Washington Land Company ("WLC"), obtained a default judgment against Powell that granted it possession of the property Powell was leasing. *See* 684 A.2d at 769–70. WLC then filed a Writ of Execution on the judgment. Before the execution, however, Powell filed for bankruptcy. Nonetheless, three days after Powell's filing, agents of WLC attempted to evict Powell.

After Powell's bankruptcy was later involuntarily dismissed, she sued WLC in the D.C. Superior Court, alleging wrongful eviction, violation of the automatic stay, and conversion. *See id.* at 770. The trial court, however, dismissed Powell's suit for lack of jurisdiction. *See id.* The court reasoned that the bankruptcy court had exclusive jurisdiction over Powell's entire cause of action because it was based on alleged violations of § 362 of the Bankruptcy Code and a case arising under the Bankruptcy Code.

On appeal, the court reversed the dismissal. *See id.* at 773. The appellate court began its analysis by reviewing § 1334 and determined that whether a case is a core proceeding is irrelevant in deciding whether the case is a proceeding within the exclusive jurisdiction of federal district courts. *See id.* at 771–72. The court framed the issue as whether Powell's complaint was a "case under Title 11" over which the federal district courts have exclusive jurisdiction via § 1334(a). *See id.* at 772.

The court reasoned that a "case under Title 11" is the "bankruptcy case per se, 'the case upon which all of the proceedings which follow the filing of the petition are predicated.'" *Id.* Accordingly, the court found that Powell's bankruptcy petition was a case "under Title 11" and within the exclusive jurisdiction of the bankruptcy court. *See id.* The court then concluded that because the source of Powell's wrongful eviction and conversion claims was not federal bankruptcy law, they did not constitute a case "under Title 11" and were thus not within the bankruptcy court's exclusive jurisdiction under § 1334(a). *See id.* The court, however, recognized that Powell's remaining claim, which sought damages for WLC's violation of the stay, was "based on the bankruptcy statute itself," specifically § 362(h). *Id.* at 773.

Relying on language in *In re Elegant Concepts, Ltd.*, 67 B.R. 914 (Bankr. E.D.N.Y.1986), the court next determined that § 362(h) actions are core proceedings. *See Powell*, 684 A.2d at 773. In *Elegant Concepts*, the bankruptcy court described core proceedings "those matters traditionally within the jurisdiction of the bankruptcy court, in that they relate to the administration of the bankruptcy estate." 67 B.R. at 917; *see also* 28 U.S.C. § 157(b)(2). Additionally, that court described the automatic stay as "a creature peculiar to federal bankruptcy law [that] plays a fundamental role in the administration of the Bankruptcy Code." *Elegant Concepts*, 67 B.R. at 917. Having established that a § 362(h) action is a core proceeding, the *Powell* court concluded

that the trial court had jurisdiction because a core proceeding "aris[es] under" or "aris[es] in" a case under title 11, and it is not a case "under" title 11. *Powell,* 684 A.2d at 773.[5]

■■■ Though it is a close question and there is a dearth of authority on the issue, this court concludes that a § 362(h) request for sanctions is within the exclusive jurisdiction of the bankruptcy court under § 1334(a). While the decision in *Powell* is well-reasoned, the court finds the holding in *Hawthorne* to be more consistent with the aims of the Bankruptcy Code. In short, allowing state courts to impose § 362(h) sanctions, a penalty so closely intertwined with the bankruptcy case itself, would undermine Congress' intent to have one uniform bankruptcy system. *Cf. Stoops, supra,* at 426–28. Indeed, "[i]t is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized." *Gonzales v. Parks,* 830 F.2d 1033, 1036 (9th Cir.1987) (holding that state law claims for abuse of process and malicious prosecution stemming from an alleged bad faith filing of an involuntary bankruptcy petition were preempted by Bankruptcy Code remedies); *see also Koffman v. Osteoimplant Technology, Inc.,* 182 B.R. 115, 124 (D.Md.1995) ("Remedies and sanctions for improper behavior and filings in bankruptcy court ... are matters on which the Bankruptcy Code is far from silent and on which uniform rules are particularly important."); *cf. MSR Explora-*

tion, Ltd. v. Meridian Oil, 74 F.3d 910, 914 (9th Cir.1996) ("Congress has expressed its intent that bankruptcy matters be handled in a federal forum."); *In re Rainwater,* 233 B.R. 126, 147 (Bankr. N.D.Ala.1999) ("The state courts do not possess the jurisdiction to entertain and decide upon questions and issues of federal bankruptcy law; for Congress granted the federal courts the original and exclusive jurisdiction over bankruptcy law."); *In re Ford,* 188 B.R. 523, 526 (Bankr.E.D.Pa. 1995) ("The resolution of certain legal issues which arise in the course of bankruptcy cases is confined to the bankruptcy courts."); *In re Raboin,* 135 B.R. 682, 684 (Bankr.D.Kan.1991) ("[T]his court has exclusive jurisdiction to determine the extent and effect of the stay, and the state court's ruling to the contrary does not bar the debtor's present motion."); *In re Saunders,* 105 B.R. 781, 784 (Bankr.E.D.Pa. 1989) ("Congress intended to establish a comprehensive enforcement mechanism for violations of the automatic stay ... within the bankruptcy code itself."); *In re Sermersheim,* 97 B.R. 885, 888 (Bankr. N.D.Ohio 1989) ("It is the bankruptcy court alone that has jurisdiction to determine questions involving the automatic stay.").[6]

The court reaches this conclusion despite § 1334(b)'s language, a fair reading of which does suggest that state courts have jurisdiction over § 362(h) requests. That is, § 362(h) has been construed as creating a cause of action, *see, e.g., Price,* 947 F.2d at 831, and "when a cause of action is one which is created by title 11,

---

**5.** Two additional notes. First, a concurring opinion was issued in *Powell;* that opinion merely supplements the majority's reasoning. *See Powell,* 684 A.2d at 773–75 (Schwelb, J., concurring). The only notable excerpt from that opinion is its criticism of the *Hawthorne* court for its failure to refer to § 1334(a) or (b). Second, given the *Powell* court's ultimate reasoning, it is unclear why it had stated earlier in its opinion that deciding whether a proceeding is a core proceeding is "not relevant ... to the inquiry whether it is a proceeding over which the district court has ex-

clusive jurisdiction." *Powell,* 684 A.2d at 771–72.

**6.** The court recognizes that some courts have held that state courts have jurisdiction to decide certain issues relating to the automatic stay, such as to determine whether the stay applies. *See, e.g., In re Jeffries,* 191 B.R. 861, 863 (Bankr.D.Or.1995) (noting split of authority, and concluding that state courts have jurisdiction to determine stay's applicability); *In re Kearns,* 161 B.R. 701, 704–05 (D.Kan. 1993).

then that civil proceeding is one 'arising under title 11.' " 1 Collier on Bankruptcy ¶ 3.01(1)(c)(iii), at 3–26. Further, that a § 362(h) action is considered a core proceeding, *Budget Service Co. v. Better Homes of Va., Inc.,* 804 F.2d 289, 292 (4th Cir.1986), and hence, within the ambit of § 1334(b), does not alter the court's conclusion. Section 1334(b) is primarily an expansion of bankruptcy courts' jurisdiction rather than an avenue for state courts to address issues traditionally within the realm of the bankruptcy courts. In other words, the focus of § 1334(b) is on the scope of the bankruptcy court's jurisdiction rather than the state court's. As the Supreme Court has explained:

The jurisdictional grant in § 1334(b) was a distinct departure from the jurisdiction conferred under previous Acts, which had been limited to either possession of property by the debtor or consent as a basis for jurisdiction. *See* S.Rep. No. 95–989, 2nd Sess., pp. 153, 154 (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5939, 5940. We agree with the views expressed by the Court of Appeals for the Third Circuit in *Pacor, Inc. v. Higgins,* 743 F.2d 984 (1984), that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate," *id.,* at 994; *see also* H.R.Rep. No. 95–595, pp. 43–48 (1977), and that the "related to" language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate.

*Celotex Corp. v. Edwards,* 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); *cf. generally* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropri-

ate to carry out the provisions of this title . . . .").

For these reasons, the court concludes that state courts do not have jurisdiction to impose sanctions under § 362(h). Res judicata "bars relitigation of claims that were or could have been asserted in an earlier proceeding." *D & K Prop. Crystal Lake v. Mutual Life Ins. Co. of NY,* 112 F.3d 257, 259 (7th Cir.1997). Because the state court did not have jurisdiction, Halas could not have sought § 362(h) sanctions in that forum. Accordingly, res judicata did not bar Halas' motion for § 362(h) sanctions before the Bankruptcy Court. *Cf. Sachs v. Ohio National Life Ins. Co.,* 148 F.2d 128, 132 (7th Cir.1945) ("[A] ruling is not res judicata when made in a case subsequently dismissed for want of jurisdiction.").[7]

In light of this court's ruling that res judicata did not bar Halas' motion, the Bankruptcy Court shall consider whether cause exists to re-open Halas' bankruptcy case. *See* 11 U.S.C. § 350(b). If the Bankruptcy Court, in its discretion, finds that cause exists, it shall determine whether § 362(h) sanctions are warranted against Platek and Ebert. As already noted, the Bankruptcy Court made factual findings as to whether the actions of Platek and Ebert were willful violations of the stay. The Bankruptcy Court found that Platek willfully violated the stay while Ebert did not. However, because the Bankruptcy Court relied on res judicata as the basis for its original decision, this court reserves comment on those findings. Additionally, the court reserves comment on the whether § 362(h) sanctions, given the plain language of the statute, are mandatory against Platek or whether § 362(h) sanctions are a matter within the bankruptcy court's discretion. *See In re Sharon,* 234 B.R. 676, 687–88 (6th Cir. BAP 1999) (reviewing award of § 362(h) sanctions for abuse of discretion). The Bank-

---

**7.** There is no indication that the state court had an opportunity to decide whether it had jurisdiction to impose § 362(h) sanctions.

*See generally Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963).

ruptcy Court shall consider these issues upon remand.

### III. CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court holding that res judicata barred Halas' motion for § 362(h) sanctions is reversed and remanded.[8]

IT IS SO ORDERED.

8. For further discussion on the scope of bankruptcy courts' jurisdiction, see Hon. G. Harvey Boswell and Abigail Gerlach, *Coming and Going: The Revolving Jurisdictional Door of the Bankruptcy Court,* 28 U.Mem.L.Rev. 885 (Spring 1998). For further discussion of § 362(h), see Arturo G. Hernandez, *11 U.S.C. § 362(h): Congressional Answer to the Bankruptcy Abuse of Consumer Creditors,* 56 Ohio St.L.J. 617 (1995).