### In re PRS INSURANCE GROUP, INC., et al., Debtors.

### Sean C. Logan, the Chapter 11 Trustee of PRS Insurance Group, Inc., et al., Plaintiff,

### v.

### Credit General Insurance Company and Credit General Indemnity Company, Defendants.

**Bankruptcy No. 00–4070 MFW.
Adversary No. 05–50818.**

United States Bankruptcy Court, D. Delaware.

Dec. 8, 2005.

Steven K. Kortanek, Esquire, Klehr, Harrison, Harvey, Branzburg & Ellers LLP, Wilmington, DE, Stephen G. Schweller, Esquire, Dinsmore & Shohl LLP, Cincinnati, OH, for Liquidator of CGIC.

Maureen D. Luke, Esquire, Young, Conaway, Stargatt & Taylor, LLP, Wilmington, DE, Harold S. Horwich, Esquire, Bingham, McCutchen LLP, Hartford, CT, for the trustee.

### MEMORANDUM OPINION[1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion filed by the Liquidator of Credit General Insurance Company and Credit General Indemnity Company (collectively "CGIC") to Reconsider the Court's Memorandum Opinion and Order denying its Motion to Dismiss or Stay the above adversary action. For the reasons stated below, the Court will deny the Motion.

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

## I. *BACKGROUND*

The facts underlying this case are detailed in the Court's earlier Memorandum Opinion and will not be repeated here. *See Logan v. Credit Gen. Ins. Co. (In re PRS Ins. Group)*, 331 B.R. 580 (Bankr. D.Del.2005).

## II. *DISCUSSION*

CGIC seeks reconsideration of the Court's Memorandum Opinion and Order to correct a factual misstatement; to correct "overlooked points" concerning CGIC's filing of a proof of claim; to correct an error of law in misinterpreting the intent of the Bankruptcy Code as it applies to defenses to proofs of claim under section 502(d); to correct an error of law in concluding that preferential and fraudulent transfer causes of action under the Bankruptcy Code are within the exclusive jurisdiction of the bankruptcy courts; and to clarify the Court's ruling on its interpretation of the Ohio insurer liquidation statutes and the applicability of a stay to this adversary proceeding.

### A. *Standard of Review*

A motion for reconsideration is not specifically addressed in the Federal Rules of Civil Procedure; rather, such motions generally fall within the parameters of Rule 59(e), which allows a party to file a motion to alter or amend a judgment. Fed. R. Bankr.P. 9023; 12 *Moore's Federal Practice—Civil* § 59.30[2][a] (3rd ed. 2005) ("[A] Rule 59(e) motion involves the reconsideration of matters properly encompassed in a decision on the merits."). A Rule 59(e) motion may be granted to correct a clear legal error. *E.g., United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir.2003). A court may also grant a motion for reconsideration "if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension." *Stanziale v. Nachtomi*, No. 01–403, 2004 WL 1812705, at *1, 2004 U.S. Dist. LEXIS 15664, at *2–3 (D.Del. Aug. 6, 2004).

### B. *Factual Misstatement*

CGIC argues that the Court made a factual misstatement in the Background section of the Memorandum Opinion when it stated that: "ODI engineered the transfer of approximately $20 million in assets to CGIC for little or no consideration." CGIC contends that the Court should have clarified that the statement was simply a reiteration of the facts as set forth in the Trustee's complaint and not a finding of fact.

CGIC is correct that the Court's statement was not establishing a conclusive fact. Rather, the statement was made in the context of CGIC's motion to dismiss. Thus, the Trustee's allegation was taken to be true only for the limited purpose of ruling on the motion to dismiss. *E.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (stating that in reviewing a motion to dismiss, a court must accept as true all the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them).

The Court believes, however, that the Memorandum Opinion is clear on this point. *Logan*, 331 B.R. at 585. Therefore, CGIC's motion for reconsideration on this basis will be denied.

### C. *Overlooked Points*

CGIC seeks reconsideration of the Court's Memorandum Opinion and Order on the basis that the Court overlooked certain points when it addressed issues surrounding CGIC's filing of its proof of claim. Namely, CGIC asserts that the

Court ignored the fact that (1) CGIC had no choice but to file a proof of claim, which it did only as a defensive measure, (2) filing a proof of claim does not always constitute a "waiver" of jurisdiction and consent to determine the merits of the proof of claim, and (3) parties cannot waive subject matter jurisdiction by filing a proof of claim. The Court did not ignore these points; they simply have no merit.

■ First, CGIC did have a choice in filing its proof of claim. CGIC could have chosen not to file a proof of claim, although it would have foregone any distribution from the Debtor's estate. When CGIC chose to file a claim, however, the Trustee was required to object to that claim or CGIC would have had an allowed $45 million claim against the bankruptcy estate. 11 U.S.C. § 502(a) (a duly filed proof of claim is deemed allowed in the absence of an objection). Despite CGIC's characterization of its proof of claim, asserting a $45 million claim against the estate is not "defensive."

■ Second, as the Court concluded in the Memorandum Opinion, the filing of the proof of claim did constitute a waiver of any objection to the exercise of jurisdiction by the Bankruptcy Court over CGIC for purposes of considering whether to allow the claim as filed. *See, e.g., Logan,* 331 B.R. at 586 and cases cited therein. Apparently, CGIC is arguing that such a waiver is a waiver of any objection to the Court exercising personal jurisdiction over CGIC and is not a waiver of subject matter jurisdiction.

■ CGIC argues thirdly that parties cannot waive an impediment to subject matter jurisdiction. *See, e.g., Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.").

While the Court did not distinguish between the two, it is clear that the Court did conclude that it had subject matter jurisdiction over the adversary as well as personal jurisdiction over CGIC. *See Logan,* 331 B.R. at 586. The adversary complaint seeks to determine the validity of the Trustee's counterclaims to CGIC's claim and, therefore, whether that claim should be an allowed claim against the bankruptcy estate pursuant to section 502(d).

■ Regardless of what court determines the underlying merits or amount of a claim, the allowance of that claim and the amount to be distributed from the estate on that claim is the exclusive province of the bankruptcy court if a proof of claim has been filed in the bankruptcy court. *E.g., Canal Corp. v. Finnman (In re Johnson),* 960 F.2d 396, 404 (4th Cir.1992) ("[N]either Virginia law nor the partnership agreement governs how the bankruptcy court must distribute assets."); *In re D.M. Barber, Inc.,* 13 B.R. 962, 965 (Bankr.N.D.Tex.1981) (holding that the bankruptcy court "retains the exclusive jurisdiction to determine the extent to which any such proof of claim should be allowed and priority treatment accorded it under the distribution hierarchy set forth in the Bankruptcy Code."); 4 *Collier on Bankruptcy* ¶ 502.030[1][a] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2005) ("Regardless of the method chosen for liquidation of a claim, the bankruptcy court always retains the jurisdiction and sole right to determine the 'allowability' of the claim under the applicable standards set forth in section 502.").

Consequently, the Court did conclude that it had both personal and subject matter jurisdiction over the adversary proceeding and that the McCarran–Ferguson Act was not implicated because the Trustee was not seeking affirmative recovery from CGIC. The Court is only being asked to determine whether CGIC received a fraudulent transfer or preference which would preclude allowance of its claim in this bankruptcy case. Therefore, CGIC's motion for reconsideration on this point will be denied.

### D. *Section 502(d)*

■ CGIC argues that it cannot exercise any option to return a potential preference or fraudulent conveyance to the estate until the Ohio Court allows that claim. Thus, CGIC contends that the Court's application of section 502(d) unfairly punishes it because CGIC, its policyholders, and its creditors would be harmed if the Debtor was able to distribute the assets of the Debtor's estate to other creditors with allowed claims before the Ohio Court made its determination of the percentage payout on the Trustee's preference and fraudulent conveyance claims, if any.

This adversary proceeding only seeks to establish the predicate for disallowing CGIC's proof of claim under section 502(d). Nothing prevents CGIC from raising this issue in connection with the Trustee's objection to CGIC's proof of claim in the main case. The Motion for reconsideration on this point will, therefore, be denied.

### E. *Exclusive Jurisdiction over Bankruptcy Causes of Action*

■ CGIC contends that the Court made a clear legal error when it stated that it had exclusive jurisdiction over the preference and fraudulent transfer actions brought under the Bankruptcy Code and that the Ohio Court did not have jurisdiction. CGIC argues that section 1334(a) of title 28 grants exclusive jurisdiction to the bankruptcy courts over cases, but not adversary proceedings that arise under the Bankruptcy Code. Pursuant to section 1334(b), CGIC argues that the Ohio Court has concurrent jurisdiction over this adversary proceeding. *E.g., In re Combustion Eng'g, Inc.*, 391 F.3d 190, 226 n. 38 (3d Cir.2005) (stating that section 1334(a) only refers to the bankruptcy petition and that the term proceeding as used in section 1334(b) includes all adversary proceedings and contested matters); 1 *Collier on Bankruptcy* ¶ 3.01[4] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2005) (" 'Cases' under title 11 are to be distinguished from civil proceedings arising under title 11 or civil proceedings related to or arising in title 11 cases. The former are the subject of section 1334(a), while the latter are covered by section 1334(b).").

Section 1334, as applicable to this case,[2] states:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction over all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

.     .     .     .     .

---

**2.** Section 1334 has been amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, but that amendment applies only to cases filed after April 20, 2005.

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

28 U.S.C. § 1334.

■ Thus, CGIC is correct that, in general, the Bankruptcy Court does not have exclusive jurisdiction of matters arising in, under, or related to cases under title 11 but only has exclusive jurisdiction over bankruptcy cases under title 11. However, that does not establish the predicate for the Ohio Court having jurisdiction over the causes of action stated in the Trustee's Complaint. Those actions arise under sections 547 and 548 of title 11. There is no authority cited by CGIC that would grant jurisdiction to the Ohio Court over those matters.

■ CGIC cites the principle of concurrent sovereignty which provides that state courts enjoy concurrent jurisdiction over certain federal causes of action. *E.g.*, *Gulf Offshore Co., Div. of Pool Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477–78, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981) (holding that state court had jurisdiction to address personal injury claims brought under the federal Outer Continental Shelf Lands Act). The Court explained this principle as follows:

The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication.... The two exercise concurrent sovereignty, although the Constitution limits the powers of each and requires the States to recognize federal law as paramount. Federal law confers

rights binding on state courts, the subject matter jurisdiction of which is governed in the first instance by state laws.

453 U.S. at 477–78, 101 S.Ct. 2870.

■ That principle, however, is subject to limitations set by the Constitution, Congress, and state law. Thus, "the presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests." *Id.* at 478, 101 S.Ct. 2870.

Section 1334(a) and (e) are statutory directives by Congress that deprive state courts of jurisdiction over bankruptcy cases themselves and property of the estate. CGIC argues, however that the absence of exclusive jurisdiction in the bankruptcy courts in section 1334(b) over matters arising in and related to bankruptcy cases evidences the intent of Congress to allow concurrent jurisdiction over those matters.

■ The purpose of section 1334 is to centralize proceedings in the bankruptcy court. *E.g.*, *Sunshine Dev. v. FDIC*, 33 F.3d 106, 114 (1st Cir.1994). In fact, "[t]he jurisdictional grant in § 1334(b) was a distinct departure from the jurisdiction conferred under previous Acts, which had been limited to either possession of property by the debtor or consent as a basis of jurisdiction." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). By enacting that section, "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir.1984). Indeed, "[s]ection 1334(b) is primarily an expansion of bankruptcy courts' jurisdiction rather

than an avenue for state courts to address issues traditionally within the realm of the bankruptcy courts." *Halas v. Platek*, 239 B.R. 784, 792–93 (N.D.Ill.1999).

■ Even assuming that a state court could have concurrent jurisdiction over proceedings that arise under or in the bankruptcy case, some proceedings exist that are so intimately tied to the bankruptcy case itself as to prohibit any exercise of concurrent jurisdiction by a state court. As stated by the Court in *Lowenbraun v. Canary*:

> The facts that form the basis for Appellant's state court claims seem to strike at the heart of the administration of the bankruptcy estate. The bankruptcy court has a predominant interest in regulating the conduct of those involved in the bankruptcy proceedings. This Court agrees with the bankruptcy court that to allow a state court to pass judgment on the conduct of the bankruptcy trustee and his counsel may well be contrary to the bankruptcy court's exclusive jurisdiction of such matters.

No. 04–627, 2005 U.S. Dist. LEXIS 10401, at *5–6 (W.D.Ky. May 27, 2005) (holding that lawsuit alleging state law causes of action against trustee's attorney was core proceeding and discretionary abstention was not appropriate); *Halas*, 239 B.R. at 792–93 (holding that "allowing state courts to impose § 362[ (k) ] sanctions, a penalty so closely intertwined with the bankruptcy case itself, would undermine Congress' intent to have one uniform bankruptcy system.").

■ The allowance and disallowance of claims, which are core matters arising under or in the Bankruptcy Code, fall within the exclusive jurisdiction of the bankruptcy courts. *Johnson*, 960 F.2d at 404 ("[E]ven though the existence of a claim is controlled by state law, the allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers."); 4 *Collier on Bankruptcy* ¶ 502.030[1][a] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2005) ("[T]he bankruptcy court always retains the jurisdiction and sole right to determine the 'allowability' of the claim under the applicable standards set forth in section 502.").

Thus, there is ample authority for the Court's conclusion that it had exclusive jurisdiction over the Trustee's adversary proceeding, which seeks to avoid allegedly fraudulent and preferential transfers under sections 547 and 548 as a predicate for disallowance of CGIC's claim under section 502(d) of the Bankruptcy Code. The Motion for reconsideration will also be denied on this basis.

### F. *Ohio Law*

CGIC also argues that the Court misinterpreted Ohio law when it noted that an Ohio statute provides a mechanism whereby the Ohio Court may stay its proceedings if it finds that "any action should as a matter of substantial justice be tried in a forum outside [Ohio]." *Logan*, 331 B.R. at 589 (citing Ohio Rev.Code Ann. § 3903.04(D)). The Court's decision not to abstain or stay the Trustee's adversary proceeding, however, was independent of any analysis of Ohio law. The Court determined that abstention was not appropriate under the *Younger* and *Burford* cases cited by CGIC. Therefore, the Motion for reconsideration will be denied on this point as well.

### G. *Stay of Proceedings*

■ CGIC also requests that the Court reconsider its decision to deny a stay of the Trustee's adversary proceeding in light of the Third Circuit's decision in *Feige v.*

*Sechrest,* 90 F.3d 846 (3d Cir.1996). The Court denied CGIC's request for a stay of the Trustee's adversary proceedings because (1) the Ohio Court did not have jurisdiction over the Trustee's section 547 and 548 causes of action, (2) the Trustee's claims were legal rather than equitable in nature, and (3) the Court takes seriously its virtually unflagging obligation to exercise the jurisdiction granted to it by Congress.

*Feige* is inapplicable to this case because in that case the state court had jurisdiction over the causes of action thereby justifying a stay of the federal proceedings. *Id.* at 849. The Third Circuit expressly found that "the Commonwealth Court has jurisdiction over the claims, which leads inexorably to the conclusion that there is adequate state court review for purposes of *Burford* abstention." Here, the Ohio Court does not have jurisdiction over the Trustee's adversary proceeding. Moreover, even if the Ohio Court had jurisdiction over this adversary proceeding, a stay would not be appropriate because the Trustee is not seeking any affirmative recovery from CGIC, but is only seeking to determine whether the proof of claim that CGIC filed in the Debtor's bankruptcy case should be allowed. In contrast, in *Feige* the Court stayed an action which sought to remove assets from the liquidating insurer's estate. *Id.* at 849. The Motion for reconsideration on this basis will also be denied.

## III. *CONCLUSION*

For the reasons set forth above, the Court will deny the Motion of CGIC to reconsider the Court's earlier Memorandum Opinion and Order.

An appropriate order is attached.

*ORDER*

AND NOW, this **8th** day of **DECEMBER, 2005,** upon consideration of the Motion for Reconsideration filed by Credit General Insurance Company and Credit General Indemnity Company, and the response thereto of the Trustee, it is hereby

**ORDERED** that the Motion is **DENIED.**