**EASTERN EQUIPMENT AND SERVICES CORPORATION, Scott Huminski, as owner of the litigious rights of, Plaintiff,**

**Scott Huminski, Dana Huminski, Plaintiffs–Appellants,**

v.

**FACTORY POINT NATIONAL BANK, BENNINGTON, (Town of), Defendants–Appellees.**

No. 00–7608.

United States Court of Appeals, Second Circuit.

Argued: Nov. 27, 2000.

Decided: Jan. 4, 2001.

Scott Huminski, pro se (Dana Huminski, pro se), Plaintiffs–Appellants.

Peter W. Hall, Reiber, Kenlan, Schwiebert, Hall & Facey, P.C., Rutland, VT (Robert E. Woolmington, Witten, Woolmington, Bongartz, Campbell & Boepple, P.C., Bennington, VT, of counsel), for Defendants–Appellees.

Before McLAUGHLIN and POOLER, Circuit Judges, and DRONEY, District Judge.*

## BACKGROUND

PER CURIAM:

Scott and Dana Huminski (the "Huminskis") are the sole stockholders and directors of the Eastern Equipment and Services Corporation ("Eastern"). In April 1996, the Huminskis individually (but not Eastern) filed for personal bankruptcy under Chapter 7 in the Bankruptcy Court for the District of Vermont.

In May and October of 1996, Factory Point National Bank ("Factory Point") and the Town of Bennington, Vermont ("Town") brought separate actions in Vermont state court seeking to foreclose on two parcels of real property owned by Eastern. *See Town of Bennington v. Eastern Equip. & Servs. Corp.*, 126–4–

---

* The Honorable Christopher F. Droney of the United States District Court for the District of Connecticut, sitting by designation.

96 Bncv (Vt.Super. Ct. filed May 28, 1996); *Factory Point Nat'l Bank v. Eastern Equip. & Servs. Corp.*, 248–8–96 Bncv (Vt.Super. Ct. filed Oct. 24, 1996). Scott Huminski was also named as a defendant in the Town's foreclosure action because he had been a personal guarantor on two notes securing the properties in question.

In October 1996, the two foreclosure actions were consolidated, and Scott Huminski was dismissed as a party defendant in light of his and his wife's filing for personal bankruptcy. The state court then granted a default judgment against Eastern. Before the court could issue a decree of foreclosure, however, Eastern declared bankruptcy under Chapter 11, automatically staying the foreclosure proceedings.

In January and February 1999, the Huminskis moved in the state court to vacate the orders of foreclosure against Eastern, contending that the automatic stay that was entered when Scott Huminski filed for personal bankruptcy (the "personal automatic stay") should have stayed the foreclosure actions against his corporation, Eastern. In December 1999 those motions were denied. The state court determined that the Huminskis were not parties to the foreclosure actions on the basis of their leasehold or tenancy interest in the parcels, but rather on the basis of Scott Huminski's status as a guarantor of the two notes. Therefore, the state court concluded that the foreclosure actions were not precluded by the Huminskis' personal bankruptcies.

In August 2000, in the Bankruptcy Court, the Huminskis again challenged the state court foreclosure actions by Factory Point and the Town as violating the personal automatic stay, but were unsuccessful. *See In re Huminski*, 99–11697–cab (Bankr.D.Vt. Aug. 14, 2000). The foreclosure actions against Eastern's property are still pending in Vermont state court.

Undeterred, the Huminskis, and Scott Huminski, "as the owner of the litigation rights of Eastern," next filed a complaint against Factory Point and the Town in the United States District Court for the District of Vermont (Murtha, *C.J.*). They essentially sought to relitigate the claims already rejected by the state and Bankruptcy Courts. The Huminskis asserted that during the pendency of their personal bankruptcy actions in 1996, Factory Point and the Town willfully violated the personal automatic stay by pursuing foreclosure actions against Eastern's property in Vermont state court. The Huminskis sought to contest the purported violations of the personal automatic stay by bringing to the district court a mulligatawny stew of claims based on state tort law, including: (1) intentional and negligent infliction of emotional distress; (2) illegal foreclosure; (3) bad faith; (4) abuse of process; (5) negligence; (6) breach of fiduciary duties; (7) fraud; (8) malicious prosecution; (9) harassment; (10) interference with prospective economic advantage; and (11) tortious interference. The Huminskis requested damages, an order declaring the defendants' actions void and in violation of the personal automatic stay, and an injunction precluding the defendants from "engaging in any acts attempting to prosecute, perfect or enforce the aforementioned void acts."

In April 2000, Factory Point and the Town each moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The Huminskis opposed the motions and requested sanctions pursuant to Fed.R.Civ.P. 11, arguing that the motions were yet another violation of the personal automatic stay.

The district court granted Factory Point's and the Town's motions for judgment on the pleadings, holding that: (1) the federal Bankruptcy Code preempted the Huminskis' state law claims; and (2) the state law claims should have been brought in the Bankruptcy Court, rather than as a separate action in the district court. Accordingly, the district court con-

cluded that it lacked subject matter jurisdiction to review the Huminskis' claims. It also denied the Huminskis' motion for sanctions.

In August 2000, this Court denied a motion by the Huminskis to stay the state court foreclosure proceedings. *See Huminski v. Factory Point,* No. 00–7608 (2d Cir. Sept. 1, 2000).

The Huminskis now appeal the district court's decision to: (1) grant judgment for Factory Point and the Town on the pleadings due to lack of jurisdiction; and (2) deny the Huminskis' request for sanctions. Specifically, they argue that: (1) the district court had jurisdiction to consider the claims because, (a) the complaint did not allege state law claims, (b) the complaint asserted violations of the personal automatic stay under federal law, (c) the claims were directed towards Factory Point's and the Town's conduct after the Huminskis were discharged from bankruptcy; and (2) the district court abused its discretion in denying the Huminskis' motion for sanctions.

Factory Point and the Town respond that: (1) the Huminskis' state tort claims are preempted by federal bankruptcy law; (2) all claims for purported violations of the personal automatic stay that occurred before January 12, 1997 are barred by the statute of limitations; (3) all other acts about which the Huminskis complain do not violate the personal automatic stay; (4) the district court properly denied the Huminskis' motion for sanctions; (5) Huminski has no standing to assert claims on behalf of Eastern; (6) the district court could have abstained from deciding the Huminskis' claims because the claims were pending before the Vermont state court in the mortgage foreclosure action; and (7) the district court could have dismissed both the Huminskis' complaint and their motion for sanctions because the litigation was vexatious and designed to delay the foreclosure proceedings in Vermont state court.

## DISCUSSION

This court reviews a district court's grant of a motion for judgment on the pleadings *de novo. See Hardy v. New York City Health & Hosps. Corp.,* 164 F.3d 789, 792 (2d Cir.1999). A district court's denial of a motion for sanctions is reviewed for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

### I. *The district court lacked subject matter jurisdiction*

The district court properly held that: (1) federal law preempts the Huminskis' state tort law claims; (2) the Huminskis could have pursued remedies for purported violations of the automatic stay only in the Bankruptcy Court; and (3) the district court therefore lacked jurisdiction over the Huminskis' state law claims.

The Supremacy Clause of the United States Constitution, Article VI, Clause 2, provides that federal law "shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the contrary notwithstanding." Preemption of state law by federal authority may be express or implied, and often, an Act of Congress may touch a field of law in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject. *See Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 152–53, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982).

The United States Bankruptcy Code provides a comprehensive federal system of penalties and protections to govern the orderly conduct of debtors' affairs and creditors' rights. *See* 11 U.S.C. § 101, *et seq.* And it provides for an automatic stay of state proceedings against the debtor. *See* 11 U.S.C. § 362. In this case, the question is whether damages may be sought under state law, in the *district* courts, for alleged violations of the auto-

matic stay provision of the Bankruptcy Code.

Courts that have examined this issue have held that the federal Bankruptcy Code preempts any state law claims for a violation of the automatic stay, and precludes jurisdiction in the district courts. Any relief for a violation of the stay must be sought in the Bankruptcy Court.

In *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir.1996), the Ninth Circuit determined that state tort claims alleging violations of the automatic stay provision are completely preempted by federal bankruptcy law. This preemption arises because: (1) Congress placed bankruptcy jurisdiction exclusively in the district courts under 28 U.S.C. § 1334(a); (2) Congress created a lengthy, complex and detailed Bankruptcy Code to achieve uniformity; (3) the Constitution grants Congress exclusive power over the bankruptcy law, *see* U.S. Const. art. I, § 8, cl. 4; (4) the Bankruptcy Code establishes several remedies designed to preclude the misuse of the bankruptcy process; and (5) the mere threat of state tort actions could prevent individuals from exercising their rights in bankruptcy, thereby disrupting the bankruptcy process. *See MSR Exploration*, 74 F.3d at 913–16; *see also Koffman v. Osteoimplant Tech., Inc.*, 182 B.R. 115, 123–27 (D.Md.1995).

■ If anywhere, therefore, state tort claims alleging violations of an automatic stay must be "brought in the bankruptcy court itself, and not as a separate action in the district court." *MSR Exploration*, 74 F.3d at 916. District courts simply lack jurisdiction to hear claims asserting violations of the automatic stay that sound in state law. *Id.*

■ The Huminskis respond, however, that their complaint did not contain only state law claims. They assert that it also stated a federal claim under 11 U.S.C. § 362(h), which allows for the recovery of compensatory and punitive damages for willful violations of the automatic stay.

However, again, such a claim *must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases. *See In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1104 (2d Cir.1990); *MSR Exploration*, 74 F.3d at 916. The Huminskis were not without recourse though, because they could have moved to reopen their original bankruptcy proceeding to bring this claim. Therefore, the district court was correct to hold that it had no jurisdiction over it.

## II. *The district court did not abuse its discretion when it denied sanctions*

■ The Huminskis urge that Factory Point's and the Town's motions for judgment on the pleadings were an additional violation of the automatic stay, and therefore deserving of sanctions. These motions were properly denied, and that denial was not an abuse of discretion, because Factory Point and the Town *were* indeed entitled to judgment on the pleadings, and were therefore allowed to defend themselves on those grounds.

## CONCLUSION

We have considered the appellants' remaining contentions and find them to be without merit. Accordingly, we AFFIRM the district court's: (1) grant of judgment on the pleadings due to lack of subject matter jurisdiction; and (2) denial of appellants' motion for sanctions.