******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## CITY OF NEW LONDON *v.* SHERI SPEER
## (AC 45742)

Bright, C. J., and Elgo and Sheldon, Js.

*Syllabus*

The plaintiff, the city of New London, sought to recover a balance due for water and sewer services provided to the defendant's property. The defendant filed a counterclaim alleging that she was a debtor in a pending bankruptcy action at the time the underlying action was commenced, and sought damages for the plaintiff's alleged violation of the automatic stay imposed by the United States Bankruptcy Code (11 U.S.C. § 362). The trial court granted the plaintiff's motion to dismiss the counterclaim, finding that it did not have subject matter jurisdiction to hear the action. On the defendant's appeal to this court, *held* that the trial court improperly dismissed the defendant's counterclaim for lack of subject matter jurisdiction: considering the express statutory language in 11 U.S.C. § 362 (k) creating a right to damages for individuals injured by violations of the automatic stay, and consistent with federal precedent construing the same, 11 U.S.C. § 362 (k) authorized an independent cause of action for damages that survived the disposition of the underlying bankruptcy case; moreover, this court concluded, consistent with the majority of federal appellate courts, that the plain language of the federal statute (28 U.S.C. § 1334) governing bankruptcy cases and proceedings grants federal district courts original and exclusive jurisdiction over the bankruptcy petition only, and that a claim for damages pursuant to 11 U.S.C. § 362 (k) was not a bankruptcy petition and did not fall under the exclusive jurisdiction of the federal district courts; furthermore, the clear statutory language in 28 U.S.C. § 1334 (b) distinguishing between the exclusive and "not exclusive" jurisdiction of the federal district courts reinforced the presumption of concurrent state court jurisdiction over the federal claim for damages pursuant to 11 U.S.C. § 362 (k) and compelled the conclusion that an action for damages pursuant to 11 U.S.C. § 362 (k) is a civil proceeding arising under title 11 and, thus, is within the original but not exclusive jurisdiction of the federal district courts pursuant to 28 U.S.C. § 1334 (b).

Argued February 1—officially released August 13, 2024

*Procedural History*

Action to recover damages for failure to pay for water and sewer services, and for other relief, brought to the Superior Court in the judicial district of New London, where the defendant filed a counterclaim; thereafter,

the court, *O'Hanlan, J.*, granted the plaintiff's motion to dismiss the counterclaim and rendered judgment thereon, from which the defendant appealed to this court. *Reversed*; *further proceedings*.

*Sheri Speer*, self-represented, the appellant (defendant).

*Brian K. Estep*, with whom was *Eric J. Garofano*, for the appellee (plaintiff).

*Opinion*

BRIGHT, C. J. The self-represented defendant, Sheri Speer, appeals from the judgment of the trial court dismissing for lack of subject matter jurisdiction her counterclaim against the plaintiff, the city of New London, in which the defendant sought damages for the plaintiff's alleged violation of the automatic stay imposed by the United States Bankruptcy Code. See 11 U.S.C. § 362 (a) (2012). On appeal, the defendant claims that the court improperly concluded that it lacked jurisdiction to adjudicate her counterclaim seeking damages pursuant to 11 U.S.C. § 362 (k). We agree with the defendant and, accordingly, reverse the judgment of the trial court.

The record reveals the following relevant facts and procedural history. In July, 2017, the plaintiff initiated the underlying action against the defendant to recover a balance due for water and sewer services for the defendant's property in New London. See General Statutes §§ 7-239 and 7-254. The plaintiff alleged that the defendant's outstanding debt was $1100.87 as of June 28, 2017, and sought interest and attorney's fees. The defendant filed her appearance on November 21, 2017, and a notice of bankruptcy on January 2, 2018, stating, in relevant part, that "the above named debtor filed a petition for relief on May 20, 2014, under 11 U.S.C. §§ 301, 302 or 303." Also on January 2, 2018, the trial

court clerk granted the plaintiff's motion for default for failure to plead, as the defendant had failed to file a responsive pleading. The defendant filed a motion to open the default on January 19, 2018, which presently remains pending in the trial court.

The case remained dormant for several years until January, 2022, when the court notified the parties that the case would be dismissed for the plaintiff's failure to prosecute the action with reasonable diligence pursuant to Practice Book § 14-3 (a), unless the pleadings were closed on or before February 25, 2022. The plaintiff filed a certificate of closed pleadings and a claim for trial list on February 16, 2022, and the defendant filed an answer with a special defense and a counterclaim on March 8, 2022. In her counterclaim, the defendant alleged that she was a debtor in *In re Speer*, United States Bankruptcy Court, Docket No. 14-21007 (AMN) (D. Conn.), which was pending at the time the underlying action was commenced. On July 16, 2021, the Bankruptcy Court issued a final decree closing the defendant's involuntary chapter 7 case. The defendant alleged that the plaintiff, "[k]nowing [that the defendant] was a debtor in a bankruptcy," initiated and litigated the underlying action in violation of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. The defendant sought actual damages, including costs and attorney's fees, as well as punitive damages for each of the plaintiff's alleged violations of the automatic stay pursuant to 11 U.S.C. § 362 (k) (1).

After obtaining extensions of time to plead as to the counterclaim,[1] the plaintiff filed a motion to dismiss

---

[1] The plaintiff filed a motion for extension of time to plead as to the counterclaim on April 7, 2022, asking for thirty days to respond to the defendant's counterclaim. The trial court granted that request on April 28, 2022, extending the deadline to May 9, 2022. On May 5, 2022, the plaintiff filed a second motion for extension of time to plead, asking for an additional thirty days, which was granted on May 23, 2022. On May 18, 2022, the defendant filed a motion for default for the plaintiff's failure to plead as to her counterclaim, arguing that the plaintiff's deadline passed on May 9, 2022.

the counterclaim on June 2, 2022. In support of its motion, the plaintiff argued that the trial court lacked subject matter jurisdiction over the defendant's counterclaim because her bankruptcy related claims are preempted by the Bankruptcy Code in accordance with our Supreme Court's decision in *Metcalf* v. *Fitzgerald*, 333 Conn. 1, 214 A.3d 361 (2019), cert. denied,      U.S.     , 140 S. Ct. 854, 205 L. Ed. 2d 460 (2020). The plaintiff contended that "[t]he proper jurisdiction for any claimed violation is in the Bankruptcy Court, [and] not the Superior Court . . . ." The defendant filed a memorandum of law in opposition to the motion to dismiss, arguing that *Metcalf* did not apply to her counterclaim because "*Metcalf* was a review of the applicability of state vexatious litigation and [Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.] claims [arising from] violations of the Bankruptcy Code, not whether one can bring a purely bankruptcy based claim in the Superior Court." (Emphasis omitted.)

After hearing argument on the motion to dismiss on August 4, 2022,[2] the trial court, *O'Hanlan*, *J.*, issued a written order granting the motion to dismiss the following day. The court's order stated in relevant part: "This matter alleges that the [plaintiff] violated the stay imposed by law while [the defendant] was subject to the jurisdiction of the [United States] Bankruptcy Court; see 11 U.S.C. § 362 (2012); and seeks damages for such violation. [Our] Supreme Court has made clear that actions such as these are preempted by federal bankruptcy law, and that the Superior Court does not have

The trial court, *Jacobs*, *J.*, denied the defendant's motion for default on June 22, 2022.

[2] After filing this appeal, the defendant filed a statement that no transcript was deemed necessary to prosecute her appeal pursuant to Practice Book § 63-4 (a) (3).

jurisdiction to hear them. See *Metcalf* v. *Fitzgerald*, [supra, 333 Conn. 13].'' This appeal followed.[3]

As a preliminary matter, we first note the applicable standard of review and legal principles regarding the automatic stay under the Bankruptcy Code. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Ahrens* v. *Hartford Florists' Supply, Inc.*, 198 Conn. App. 24, 29, 232 A.3d 1129 (2020).

"Under the Bankruptcy Code, the filing of a bankruptcy petition has certain immediate consequences. For one thing, a petition creates an estate that, with some exceptions, comprises all legal or equitable interests of the debtor in property as of the commencement of the case. . . . A second automatic consequence of the filing of a bankruptcy petition is that, with certain exceptions, the petition operates as a stay, applicable to all entities, of efforts to collect from the debtor outside of the bankruptcy forum. [See 11 U.S.C.] § 362 (a). The automatic stay serves the debtor's interests by protecting the estate from dismemberment, and it also benefits creditors as a group by preventing individual creditors from pursuing their own interests to the detriment of the others. Under the [Bankruptcy] Code, an individual injured by any willful violation of the stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. [11 U.S.C.] § 362 (k) (1)." (Citations omitted; internal quotation marks omitted.)

---

[3] After filing this appeal, the defendant filed a motion for articulation in the trial court, asking the court to articulate the legal and factual basis for its decision. The court denied the motion, and the defendant filed a motion for review with this court. We granted the motion for review but denied the relief requested therein.

*Chicago* v. *Fulton*, 592 U.S. 154, 156–57, 141 S. Ct. 585, 208 L. Ed. 2d 384 (2021).

"[A]lthough state courts have jurisdiction to interpret the provisions of the Bankruptcy Code and orders of the bankruptcy court to determine whether, under their plain terms, the automatic stay provision applies to a state court proceeding—which interpretations are subject to correction by the bankruptcy court—state courts do not have jurisdiction to change the status quo by modifying the reach of the automatic stay provision either by extending the stay to proceedings to which it does not automatically apply or by granting relief from the stay in proceedings to which it does automatically apply. Rather, any modification of the stay must be sought in bankruptcy court." *U.S. Bank National Assn.* v. *Crawford*, 333 Conn. 731, 756–57, 219 A.3d 744 (2019).

On appeal, the defendant claims that the court improperly concluded that it lacked jurisdiction to adjudicate her counterclaim seeking damages pursuant to 11 U.S.C. § 362 (k). She argues that *Metcalf* v. *Fitzgerald*, supra, 333 Conn. 13, does not require dismissal of her counterclaim because "[t]he logic behind *Metcalf* was not that the Superior Court could not hear federal claims. . . . *Metcalf* was a review of the applicability of state vexatious litigation and CUTPA claims *as a consequence of violations of the Bankruptcy Code, not whether one can bring a purely bankruptcy based claim in Superior Court*." (Emphasis in original.) Accordingly, she asserts that the Superior Court is in as good a position as a federal court to adjudicate her counterclaim based on the Bankruptcy Code itself. The plaintiff responds that, in *Metcalf*, our Supreme Court "established that causes of action in Connecticut state courts seeking damages under the . . . Bankruptcy Code are preempted by the United States Bankruptcy Court." The plaintiff maintains that "the penalties

afforded by the Bankruptcy Code are solely the authority of the United States Bankruptcy Court, not the courts of individual states." We agree with the defendant that *Metcalf* does not control in the present case, and we conclude that the trial court has jurisdiction to adjudicate the defendant's counterclaim.

In *Metcalf* v. *Fitzgerald*, supra, 333 Conn. 3, our Supreme Court considered "whether the United States Bankruptcy Code provisions permitting bankruptcy courts to assess penalties and sanctions preempt state law claims for vexatious litigation and violation of [CUTPA]." The court held "that the Bankruptcy Code impliedly preempts . . . state law CUTPA and vexatious litigation claims for two main reasons: (1) Congress legislated so comprehensively as to occupy the entire field of penalties and sanctions for abuse of the bankruptcy process, leaving no room for state law to supplement; and (2) the federal interest in uniformity is so dominant that we assume it precludes enforcement of state laws that threaten the uniformity and finality of the bankruptcy process for debtors and creditors alike." Id., 12–13. In the present case, however, the defendant has not asserted a state law cause of action in her counterclaim. Instead, she seeks relief pursuant to 11 U.S.C. § 362 (k) of the Bankruptcy Code. Thus, application of the holding in *Metcalf* that the Bankruptcy Code preempts state law causes of action does not resolve the question presented in this appeal— whether state courts have jurisdiction to adjudicate a claim expressly authorized by the United States Bankruptcy Code.

We note that the parties' appellate briefs focused primarily on the import of *Metcalf* rather than on the federal statutes relevant to the jurisdictional issue.[4]

---

[4] In her reply brief, the defendant claimed that 28 U.S.C. § 1334 (c) authorizes the trial court to adjudicate her counterclaim "because the original proceeding brought by the [plaintiff] was to collect on water bills without it having sought removal of the automatic stay." Title 28 of the United States

Accordingly, after oral argument before this court, we ordered the parties to file supplemental briefs concerning that issue. See *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 161, 84 A.3d 840 (2014) ("reviewing court not only can but must address an issue implicating subject matter jurisdiction whenever it arises, regardless of how the issue comes to the court's attention"). Specifically, we ordered the parties to address two issues: "(1) whether 11 U.S.C. § 362 (k) provides an independent cause of action for damages that survives the disposition of the underlying bankruptcy case; see, e.g., *In re Healthcare Real Estate Partners, LLC*, 941 F.3d 64, 70–71 (3d Cir. 2019); *Houck* v. *Substitute Trustee Services, Inc.*, 791 F.3d 473, 480–81 (4th Cir. 2015); and (2) if such an action is viable, whether it is within the 'original and exclusive jurisdiction' of the federal courts under 28 U.S.C. § 1334 (a) or the 'original but not exclusive jurisdiction' of the federal courts under [28 U.S.C.] § 1334 (b). Compare *Powell* v. *Washington Land Co.*, 684 A.2d 769, 772–73 (D.C. App. 1996), with *Halas* v. *Platek*, 239 B.R. 784, 788–94 (N.D. Ill. 1999)." The parties thereafter filed supplemental briefs in accordance with this court's order.

I

As to the first issue, pursuant to 11 U.S.C. § 362 (k) (1), "an individual injured by any willful violation of a stay provided by this section shall recover actual

Code, § 1334 (c) (1), provides that, "[e]xcept with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." The defendant does not explain how 28 U.S.C. § 1334 (c) applies to her counterclaim, and, given that there is no indication that the Bankruptcy Court considered the defendant's 11 U.S.C. § 362 (k) claim and decided to abstain from hearing it pursuant to 28 U.S.C. § 1334 (c), we are not persuaded that it applies in the present case.

damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The United States Court of Appeals for the Fourth Circuit has explained that, "[b]efore 1984, when Congress enacted [11 U.S.C.] § 362 (k) (designated [11 U.S.C.] § 362 (h) when enacted),[5] the automatic stay appeared to be merely proscriptive. Section 362 (a) [of title 11 of the United States Code] provided that the filing of a bankruptcy petition operates as a stay, without prescribing any sanction for its violation. . . . The Bankruptcy Code simply gave the bankruptcy court authority to administer the proscription. . . . Thus, courts had held that the [11 U.S.C.] § 362 (a) automatic stay provision did not provide a party with an independent right of action for damages but rather with a procedural mechanism to be regulated and enforced by the bankruptcy court. . . .

"In 1984, however, with the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98353, 98 Stat. 333 (codified in scattered sections of 11 and 28 U.S.C.), Congress created a private cause of action for the willful violation of a stay, authorizing an individual injured by any such violation to recover damages." (Citations omitted; internal quotation marks omitted.) *Houck* v. *Substitute Trustee Services, Inc.*, supra, 791 F.3d 481; see also *In re Healthcare Real Estate Partners*, *LLC*, supra, 941 F.3d 71 ("while the institution of a bankruptcy proceeding at some point is necessary for the institution of [an 11 U.S.C.] § 362 (k) action, the institution of a new or the continuation of an existing [11 U.S.C.] § 362 (k) action does not depend on the continued existence of that proceeding"); *Internal Revenue Service* v. *Murphy*, 892 F.3d

---

[5] We note that the redesignation of what had been subsection (h) of 11 U.S.C. § 362 to subsection (k) occurred in 2005. See Pub. L. 109-8, § 305 (1) (B), 119 Stat. 23, 79 (2005). For convenience, we refer to subsection (k) when discussing case law that referred to 11 U.S.C. § 362 (h) prior to its redesignation.

29, 36 (1st Cir. 2018) (noting that 11 U.S.C. § 362 (k) provides "a private cause of action to '[a]n individual injured by any willful violation of a stay' "); *Garfield* v. *Ocwen Loan Servicing, LLC*, 811 F.3d 86, 91–92 (2d Cir. 2016) (noting that "the Bankruptcy Code provision concerning the discharge injunction . . . does not explicitly create a cause of action for its violation, whereas the automatic stay provision provides such a remedy" (citation omitted)); *Price* v. *Rochford*, 947 F.2d 829, 830–31 (7th Cir. 1991) (holding that 11 U.S.C. § 362 (k) "creates a cause of action that can be enforced after bankruptcy proceedings have terminated").

Considering the express statutory language in 11 U.S.C. § 362 (k) creating a right to damages for individuals injured by violations of the automatic stay, and consistent with federal precedent construing the same, we conclude, and the parties agree, that 11 U.S.C. § 362 (k) authorizes an independent cause of action for damages that survives the disposition of the underlying bankruptcy case.

## II

The second issue we must address is whether federal courts have exclusive jurisdiction over an action for damages brought pursuant to 11 U.S.C. § 362 (k). Our analysis of that issue is guided by the following relevant legal principles.

"Federal law is enforceable in state courts not because Congress has determined that federal courts would otherwise be burdened or that state courts might provide a more convenient forum—although both might well be true—but because the Constitution and laws passed pursuant to it are as much laws in the [s]tates as laws passed by the state legislature. The [s]upremacy [c]lause makes those laws 'the supreme Law of the Land,' and charges state courts with a coordinate responsibility to enforce that law according to their

regular modes of procedure." *Howlett* v. *Rose*, 496 U.S. 356, 367, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990).

It is well settled that "the [s]tates possess sovereignty concurrent with that of the [f]ederal [g]overnment, subject only to limitations imposed by the [s]upremacy [c]lause. Under this system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States. . . .

"This deeply rooted presumption in favor of concurrent state court jurisdiction is, of course, rebutted if Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim." (Citations omitted.) *Tafflin* v. *Levitt*, 493 U.S. 455, 458–59, 110 S. Ct. 792, 107 L. Ed. 2d 887 (1990).

"Only an explicit statutory directive, an unmistakable implication from legislative history, or a clear incompatibility between state-court jurisdiction and federal interests can displace this presumption." (Internal quotation marks omitted.) *Atlantic Richfield Co.* v. *Christian*, 590 U.S. 1, 15, 140 S. Ct. 1335, 206 L. Ed. 2d 516 (2020); accord *O'Toole* v. *Eyelets for Industry, Inc.*, 148 Conn. App. 367, 372–73, 86 A.3d 475 (2014); see also *Lewis* v. *Lewis*, 35 Conn. App. 622, 625–26, 646 A.2d 273 (1994) ("[s]tate courts of general jurisdiction have the power to decide cases involving federal . . . rights where . . . neither the [United States] [c]onstitution nor statute withdraws such jurisdiction" (internal quotation marks omitted)).

Accordingly, to determine whether Congress defeated this presumption of state court jurisdiction "by expressly or impliedly creating exclusive federal jurisdiction" of 11 U.S.C. § 362 (k) claims; *O'Toole* v. *Eyelets for Industry, Inc.*, supra, 148 Conn. App. 373; we consider the relevant federal statutes establishing jurisdiction of bankruptcy proceedings. See id.

In construing and applying federal statutes, "principles of comity and consistency require us to follow the plain meaning rule for the interpretation of federal statutes because that is the rule of construction utilized by the United States Court of Appeals for the Second Circuit. . . . If the meaning of the text is not plain, however, we must look to the statute as a whole and construct an interpretation that comports with its primary purpose and does not lead to anomalous or unreasonable results." (Internal quotation marks omitted.) *Highland Street Associates* v. *Commissioner of Transportation*, 213 Conn. App. 426, 432, 278 A.3d 30, cert. denied, 345 Conn. 917, 284 A.3d 628 (2022); see also *Soto* v. *Bushmaster Firearms International, LLC*, 331 Conn. 53, 117–18, 202 A.3d 262, cert. denied sub nom. *Remington Arms Co., LLC* v. *Soto*, U.S. , 140 S. Ct. 513, 205 L. Ed. 2d 317 (2019).

The Bankruptcy Code provides that "[t]he ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28. . . ." 11 U.S.C. § 105 (c) (2012). Title 28 of the United States Code, § 1334, "grants bankruptcy jurisdiction to the district courts in the first instance, and those courts may refe[r] such jurisdiction to bankruptcy courts under prescribed circumstances." (Internal quotation marks omitted.) *MOAC Mall Holdings LLC* v. *Transform Holdco, LLC*, 598 U.S. 288, 300 n.5, 143 S. Ct. 927, 215 L. Ed. 2d 262 (2023); see also 28 U.S.C. § 157 (a) and (b).[6]

---

[6] Title 28 of the United States Code, § 157, provides in relevant part: "(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

"(b) (1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter

Specifically, 28 U.S.C. § 1334 provides in relevant part: "(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

"(b) Except as provided in subsection (e) (2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. . . .

"(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and (2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327."

Accordingly, federal district courts have exclusive jurisdiction over "all cases under title 11"; 28 U.S.C. § 1334 (a) (2012); and the district court where the bankruptcy case is commenced or pending has exclusive jurisdiction over the property of the debtor and the estate; 28 U.S.C. § 1334 (e) (1) (2012); and over any

---

appropriate orders and judgments, subject to review under section 158 of this title. . . ."

Section 157 of title 28 of the United States Code divides "all matters that may be referred to the bankruptcy court into two categories: core and non-core proceedings. . . . Put simply: If a matter is core, the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court. If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding de novo and enter final judgment." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Executive Benefits Ins. Agency* v. *Arkison*, 573 U.S. 25, 33–34, 134 S. Ct. 2165, 189 L. Ed. 2d 83 (2014).

claim involving the construction of 11 U.S.C. § 327. 28 U.S.C. § 1334 (e) (2) (2012). Significantly, however, as to "all civil proceedings" that merely arise under, arise in, or are otherwise related to a bankruptcy case, the district court has "original *but not exclusive jurisdiction* . . . ." (Emphasis added.) 28 U.S.C. § 1334 (b) (2012).

Subsection (a) grants federal district courts "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334 (a) (2012). A majority of federal appellate courts have held that the phrase "all cases under title 11" refers to the bankruptcy petition itself.[7] See *Matter of Chesapeake Energy Corp.*, 70 F.4th 273, 281 (5th Cir. 2023) ("[t]he first category refers to the bankruptcy petition itself" (internal quotation marks omitted)); *Rohe* v. *Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1262 n.8 (11th Cir. 2021) ("[28 U.S.C.] § 1334 only concerns jurisdiction over 'cases under title 11' "); *In re HNRC Dissolution Co.*, 761 Fed. Appx. 553, 559 (6th Cir. 2019) (district courts have original and exclusive jurisdiction " 'of all cases under title 11,' " which refers to the bankruptcy petition itself); *Gupta* v. *Quincy Medical Center*, 858 F.3d 657, 661–62 (1st Cir. 2017) (" '[c]ases under title 11' refers only to the bankruptcy petition itself, and it is the umbrella under which all of the proceedings that follow the filing of a bankruptcy petition take place" (footnote omitted)); *In re Skyline Woods Country Club*, 636 F.3d 467, 471 (8th Cir. 2011) ("[f]ederal district courts, and their bankruptcy courts by delegation, have exclusive jurisdiction of all cases under title 11 . . . but that provision is limited to the [d]ebtor's [bankruptcy] petition and the proceedings that follow the filing of a bankruptcy petition" (citation omitted; internal quotation marks omitted)); *Stoe* v. *Flaherty,*

[7] In the absence of binding precedent on this issue, we consider cases from other jurisdictions in which courts have considered the application of 28 U.S.C. § 1334.

436 F.3d 209, 216 (3d Cir. 2006) ("The category of cases under title 11 refers merely to the bankruptcy petition itself. . . . A case arises under title 11 if it invokes a substantive right provided by title 11." (Citation omitted; internal quotation marks omitted.)); *Gonzales* v. *Parks*, 830 F.2d 1033, 1035 n.6 (9th Cir. 1987) (28 U.S.C. § 1334 distinguishes between " 'cases under title 11,' " which are under the exclusive jurisdiction of the federal courts, and " 'civil proceedings arising under title 11, or arising in or related to cases under title 11,' " which are within the original but not exclusive jurisdiction of federal courts); but see *Eastern Equipment & Services Corp.* v. *Factory Point National Bank*, 236 F.3d 117, 121 (2d Cir. 2001) (claim for damages pursuant to 11 U.S.C. § 362 (k) "*must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases" (emphasis in original)); *Martin-Trigona* v. *Champion Federal Savings & Loan Assn.*, 892 F.2d 575, 577 (7th Cir. 1989) ("[s]ection 1334 (a) of the Judicial Code vests original and exclusive jurisdiction over cases arising under [t]itle 11 (the Bankruptcy Code) in the federal district courts, and a case under [11 U.S. C. § 362 (k)] is such a case").

Although the United States Court of Appeals for the Second Circuit previously held that the Bankruptcy Court has exclusive jurisdiction over claims brought under 11 U.S.C. § 362 (k) for violations of the automatic stay; see *Eastern Equipment & Services Corp.* v. *Factory Point National Bank*, supra, 236 F.3d 121; it recently has cast doubt on that holding, explaining that the court had "failed to address the contradiction between [its] holding and the plain language of 28 U.S.C. § 1334 (a) . . . . Thus, [its] holding has been criticized by many of [its] sister circuits." (Footnote omitted.) *Inn World Report, Inc.* v. *MB Financial Bank NA*, Docket No. 21-2911-cv, 2022 WL 17841529, *2 (2d Cir.

December 20, 2022); see also *Stern* v. *Marshall*, 564 U.S. 462, 480, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) (noting that allocation of authority between bankruptcy court and district court "does not implicate questions of subject matter jurisdiction").

Further undermining the precedential value of *Eastern Equipment & Services Corp.* is the Second Circuit's decision of *MBNA America Bank, N.A.* v. *Hill*, 436 F.3d 104, 110 (2d Cir. 2006), in which the court stated that a claim under 11 U.S.C. § 362 (k) "is not a matter within the exclusive jurisdiction of the bankruptcy courts." In that case, the former chapter 7 debtor initiated an adversary proceeding seeking damages for a creditor's violation of the automatic stay. Id., 106. The creditor "moved to dismiss or stay the proceeding in favor of arbitration under the Federal Arbitration Act, claiming that an account agreement . . . mandated arbitration of the claims." Id. The Bankruptcy Court denied the creditor's motion, and the creditor appealed to the United States District Court for the Northern District of New York, which held "that the bankruptcy court did not abuse its discretion by refusing to dismiss or stay the adversary proceeding in favor of arbitration of the [11 U.S.C. § 362 (k) claim because] permitting arbitration of the alleged automatic stay violation would seriously jeopardize the objectives of the Bankruptcy Code." (Internal quotation marks omitted.) Id., 107. The creditor appealed to the Second Circuit, which reversed the judgment of the District Court. Id., 110–11.

In reversing the judgment, the Second Circuit explained that arbitration of the 11 U.S.C. § 362 (k) claim "would not jeopardize the important purposes that the automatic stay serves: providing debtors with a fresh start, protecting the assets of the estate, and allowing the bankruptcy court to centralize disputes

concerning the estate." Id., 109. It also was "not persuaded that a stay, which arises by operation of statutory law and not by any affirmative order of the bankruptcy court, is so closely related to an injunction that the bankruptcy court is uniquely able to interpret and enforce its provisions. An arbitrator of [an 11 U.S.C.] § 362 ([k]) claim would be asked to interpret and enforce a statute, not an order of the bankruptcy court. Arbitration is presumptively an appropriate and competent forum for federal statutory claims. . . . Congress has authorized the litigation of automatic stay claims in district courts as well as in the bankruptcy court presiding over the debtor's bankruptcy estate, so this is not a matter within the exclusive jurisdiction of the bankruptcy courts. . . . While the automatic stay is surely an important provision of the Bankruptcy Code, there is no indication from the statute that any dispute relating to an automatic stay should categorically be exempt from resolution by arbitration." (Citations omitted.) Id., 110. Accordingly, although not stated expressly, it appears that the Second Circuit has overruled, sub silencio, its holding that the bankruptcy court has exclusive jurisdiction over an 11 U.S.C. § 362 (k) claim. See *In re Walker*, 551 B.R. 679, 691 n.23 (Bank. M.D. Ga. 2016) (noting that "[t]he Second Circuit's statement [in *MBNA America Bank, N.A.*, that an 11 U.S.C. § 362 (k) claim is not within the exclusive jurisdiction of the bankruptcy courts] appears inconsistent with its own precedent").[8]

---

[8] We also do not find *Martin-Trigona* v. *Champion Federal Savings & Loan Assn.*, supra, 892 F.2d 577, persuasive as to the construction of 28 U.S.C. § 1334 (a), given that the court in that case incorrectly stated that 28 U.S.C. § 1334 (a) "vests original and exclusive jurisdiction over cases *arising* under [t]itle 11 . . . ." (Emphasis added.) As previously noted in this opinion, subsection (a) vests "original and exclusive jurisdiction of all cases under title 11" in the federal district courts; 28 U.S.C. § 1334 (a) (2012); whereas subsection (b) vests "original *but not exclusive jurisdiction* of all civil proceedings *arising under* title 11, or *arising in* or related to cases under title 11." (Emphasis added.) 28 U.S.C. § 1334 (b) (2012).

We conclude, consistent with the majority of federal appellate courts, that the plain language of 28 U.S.C. § 1334 (a) grants federal district courts original and exclusive jurisdiction over the bankruptcy petition only.[9] The Bankruptcy Code's internal definition of petition is consistent with this construction. Specifically, 11 U.S.C. § 101 (42) provides that "[t]he term 'petition' means petition filed under section 301, 302, 303 and 1504 of this title, as the case may be, commencing *a case under this title*." (Emphasis added.) Thus, because a "petition filed under section 301, 302, 303 and 1504 of [title 11]" commences "a case under [title 11]"; 11 U.S.C. § 101 (42) (2012); it follows that "cases under title 11" as used in 28 U.S.C. § 1334 (a) refers to the bankruptcy petition itself. A claim for damages pursuant to 11 U.S.C. § 362 (k), however, is not a bankruptcy petition and, therefore, does not fall under the exclusive jurisdiction of the federal district courts pursuant to 28 U.S.C. § 1334 (a).

---

[9] We also note that several state appellate courts have reached the same conclusion. See, e.g., *Triem* v. *Kake Tribal Corp.*, 513 P.3d 994, 997 n.10 (Alaska 2022) ("Alaska's superior courts are trial courts of general jurisdiction and thus may exercise jurisdiction over cases 'arising in or related to' title 11 of the United States Code provided the issues are not within the exclusive jurisdiction of the federal courts"); *366-386 Geary Street, L.P.* v. *Superior Court*, 219 Cal. App. 3d 1186, 1196, 268 Cal. Rptr. 678 (1990) ("the federal district courts, and the bankruptcy courts to which they refer matters, have exclusive jurisdiction only over 'cases under title 11,' i.e., the bankruptcy proceeding itself"); *Calderin* v. *Quartz Hill Mining, LLC*, 317 So. 3d 243, 246 (Fla. App. 2021) (" '[c]ases under title 11,' as provided in subsection (a) [of 28 U.S.C. § 1334], 'refers merely to the bankruptcy petition itself, over which federal district courts (and their bankruptcy units) have original and exclusive jurisdiction' "); *Stevenson* v. *Prairie Power Co-operative, Inc.*, 118 Idaho 52, 57, 794 P.2d 641 (App. 1989) ("Idaho state courts enjoy concurrent jurisdiction with federal courts to adjudicate proceedings falling under 28 U.S.C. § 1334 (b)"), aff'd, 118 Idaho 31, 794 P.2d 620 (1990); *Pilkington* v. *Pilkington*, 71 N.E.3d 865, 868 (Ind. App.) ("The district courts and their bankruptcy units have exclusive jurisdiction only over 'the bankruptcy petition itself.' . . . In other matters 'arising in' or 'related to' title 11 cases, unless the [B]ankruptcy [C]ode provides otherwise, state courts have concurrent jurisdiction." (Citation omitted.)), aff'd, 80 N.E.3d 886 (Ind. 2017).

Section 1334 (e) (1) of title 28 of the United States Code, which provides that the district court has exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate, also does not apply to the defendant's counterclaim in the present case. The defendant's 11 U.S.C. § 362 (k) claim arose after the commencement of her involuntary chapter 7 bankruptcy case, and that case was closed by the time she asserted her counterclaim in the present case. Accordingly, her counterclaim against the defendant is not "property of the estate," which includes "all legal or equitable interests of the debtor in property *as of the commencement of the case.*" (Emphasis added.) 11 U.S.C. § 541 (a) (1) (2012). See *MBNA America Bank, N.A.* v. *Hill*, supra, 436 F.3d 110 ("Because this was a liquidating [c]hapter 7 case, there was no reorganization and [the former debtor's] bankruptcy estate included only property in which she had an interest *as of the commencement of her bankruptcy case. . . .* Consequently, any damages that might be awarded on the [11 U.S.C.] § 362 ([k]) claim would be [the former debtor's] personal property and would not be part of her bankruptcy estate." (Citation omitted; emphasis added.)); see also *St. Paul Fire & Marine Ins. Co.* v. *Labuzan*, 579 F.3d 533, 545 (5th Cir. 2009) ("[The] plain language of [11 U.S.C.] § 541 (a) (1) implies that [an 11 U.S.C.] § 362 (k) claim can never be brought as of *commencement* of the case, because, by definition, an automatic-stay violation occurs post-filing. . . . Accordingly, we conclude that [11 U.S.C.] § 362 (k) automatic-stay-violation claims are not property of the estate as defined in [11 U.S.C.] § 541 . . . ." (Citation omitted; emphasis altered.)). Likewise, 28 U.S.C. § 1334 (e) (2) is inapplicable in the present case, as the defendant's 11 U.S.C. § 362 (k) claim does not involve construction of 11 U.S.C. § 327, which concerns a bankruptcy trustee's

employment of professional persons to "assist the trustee in carrying out the trustee's duties under" the Bankruptcy Code.

Consequently, the defendant's claim for damages pursuant to 11 U.S.C. § 362 (k) is not within the exclusive jurisdiction of the federal district courts pursuant to either subsection (a) or subsection (e). It follows, therefore, that such a claim falls under the broad category of "all civil proceedings arising under or related to cases under title 11," over which the "the [federal] district courts . . . have original but not exclusive jurisdiction . . . ." 28 U.S.C. § 1334 (b) (2012). Indeed, 11 U.S.C. § 362 (k) authorizes an independent cause of action for damages, which constitutes a civil proceeding "arising under title 11." 28 U.S.C. § 1334 (b) (2012). Thus, there is no "explicit statutory directive," and we discern no "clear incompatibility between state-court jurisdiction and federal interests," that would displace the presumption of state court jurisdiction over a claim pursuant to 11 U.S.C. § 362 (k).[10] (Internal quotation marks omitted.) *Atlantic Richfield Co.* v. *Christian*, supra, 590 U.S. 15. To the contrary, the express statutory language limits the exclusive jurisdiction of federal district courts to the narrow class of "cases under title 11"; 28 U.S.C. § 1334 (a) (2012); and establishes that federal courts have "original *but not exclusive jurisdiction*" over the broader class of "civil proceedings arising under title 11, or arising in or related to cases under title 11." (Emphasis added.) 28 U.S.C. § 1334 (b) (2012). Simply put, the clear statutory language in 28 U.S.C. § 1334 distinguishing between the exclusive and "not exclusive" jurisdiction of the federal district courts reinforces

---

[10] Given our conclusion regarding the plain text of the relevant statutes, we do not search for "an unmistakable implication from legislative history . . . [to] displace [the] presumption" of concurrent state court jurisdiction over the federal claim. (Internal quotation marks omitted.) *Atlantic Richfield Co.* v. *Christian*, supra, 590 U.S. 15.

the presumption of concurrent state court jurisdiction over the federal claim.

Our research has revealed a handful of cases concerning whether, pursuant to 28 U.S.C. § 1334 (b), state courts have concurrent jurisdiction with the federal district courts to adjudicate a claim for damages pursuant to 11 U.S.C. § 362 (k). Although some courts have decided this jurisdictional issue in cursory fashion without considering the text of 28 U.S.C. § 1334,[11] in our supplemental briefing order, we directed the parties to consider two decisions in which the courts analyzed the relevant statutes and reached opposite conclusions regarding the jurisdictional issue. See *Halas* v. *Platek*, supra, 239 B.R. 792 (holding that bankruptcy court has exclusive jurisdiction over 11 U.S.C. § 362 (k) claim); *Powell* v. *Washington Land Co.*, supra, 684 A.2d 773 (holding that Superior Court in District of Columbia has concurrent jurisdiction with federal district courts to adjudicate 11 U.S.C. § 362 (k) claim).

---

[11] For example, in an unpublished opinion, the Court of Appeals of Michigan stated, without any analysis, that "the determination of whether a party violated 11 U.S.C. [§] 362 is within the exclusive jurisdiction of the federal courts." *Society Bank, Michigan* v. *Rogers*, Docket No. 195078, 1997 WL 33330949, *1 (Mich. App. December 30, 1997). The Court of Appeals of Kansas also considered the jurisdictional issue in an unpublished opinion and resolved it without considering the plain text of 28 U.S.C. § 1334. See *First National Bank* v. *Cunningham*, Docket No. 108,380, 2013 WL 4730264, *7 (Kan. App. August 30, 2013). Specifically, the court explained that the "dispositive issue [was] whether [it] *should exercise jurisdiction* over an alleged violation of a bankruptcy stay." (Emphasis added.) Id., *6. Although the court noted that the parties in that case had cited various federal cases in support of their respective positions as to state court jurisdiction over an 11 U.S.C. § 362 (k) claim, it simply stated, without analysis, that "[w]e decline to accept jurisdiction to address a possible violation of the bankruptcy stay and dismiss this issue finding the best course of action is for that issue to be resolved by the bankruptcy court." Id., *7. Similarly, in *Hawthorne* v. *Hameed*, 836 P.2d 683, 685–86 (Okla. Civ. App. 1989), the Oklahoma Court of Appeals held, without considering the text of 28 U.S.C. § 1334, that a debtor's claim for damages arising from violations of the automatic stay "was the exclusive province of the bankruptcy court."

In *Powell* v. *Washington Land Co.*, supra, 684 A.2d 769, the Superior Court of the District of Columbia entered a default judgment against the plaintiff-tenant (tenant) and granted the defendant-landlord (landlord) possession of the property. Shortly after the landlord filed a writ of execution to evict the tenant pursuant to the judgment, the tenant filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Columbia. Id., 769–70. "[T]hree days after the bankruptcy filing, agents of the [landlord] . . . attempted to evict the [tenant]," although the record did not reveal "[t]he extent of the eviction . . . ." Id., 770. After her bankruptcy case was involuntarily dismissed, the tenant filed an action in the Superior Court of the District of Columbia in three counts sounding in wrongful eviction (count I), violation of the automatic stay pursuant to 11 U.S.C. § 362 (k) (count II), and conversion (count III). Id. The Superior Court granted the landlord's motion to dismiss, concluding that, because all the counts were based on the landlord's alleged violation of the automatic stay under 11 U.S.C. § 362, "it was a case arising under the Bankruptcy Code, and, thus, that original and exclusive jurisdiction was vested in the [United States] District Court and the [United States] Bankruptcy Court." Id.

The tenant appealed, and the District of Columbia Court of Appeals considered whether the tenant's complaint was "a 'case under title 11' over which the [federal] District Court (or bankruptcy court) has exclusive jurisdiction." Id., 772. The court began its analysis by noting that "[a] case 'under title 11' is the bankruptcy case per se, 'the case upon which all of the proceedings which follow the filing of a petition are predicated.' . . . [Thus], the case that was 'under title 11,' and within exclusive federal court jurisdiction, was the bankruptcy petition filed by" the tenant, which case was dismissed before the tenant filed her action in the

Superior Court. (Citation omitted.) Id. After concluding that counts I and III did not constitute a case under title 11 because they arose under the laws of the District of Columbia; id., 772–73;[12] the court addressed count II, observing that, "unlike counts I and III, [count II was] based on a violation of the [B]ankruptcy [Code] itself." Id., 773. The court reasoned that, although "[11 U.S.C.] § 362 ([k]) proceedings are not specifically defined as core proceedings in [28 U.S.C. § 157 (b) (2) (G)], they have been held to be core proceedings. . . . This conclusion is based, in part, on the notion that core proceedings involve matters concerning the administration of the bankruptcy estate, and bankruptcy estate matters traditionally fall within the jurisdiction of the bankruptcy court; that motions to punish creditors for violating automatic stays are similar to motions to be released from the stay, which are core proceedings, and that contempt proceedings claiming a violation of the automatic stay are also core proceedings. . . . In addition, the automatic stay provision of the Bankruptcy Code is a creature peculiar to federal bankruptcy law and plays a fundamental role in the administration of the Bankruptcy Code. . . .

"A core proceeding . . . is one arising under or arising in a case under title 11, but it is not a case under title 11. It is only the latter type of case over which the district court has exclusive jurisdiction under [28

---

[12] The court reasoned that, because the wrongful eviction and conversion counts arose under the laws of the District of Columbia, they "do not constitute a case 'under title 11' and therefore do not fall within the federal court's exclusive jurisdiction under [28 U.S.C.] § 1334 (a)." *Powell* v. *Washington Land Co.*, supra, 684 A.2d 772. The court further explained that it "need not decide whether [those claims] 'arise under' or 'in' title 11 or are 'related to' cases under title 11, placing them within the federal court's original (but not exclusive) jurisdiction under [28 U.S.C.] § 1334 (b). . . . [E]ven if the [tenant's] claims did fall within subsection (b), this would not deprive the Superior Court of jurisdiction, because subsection (b) provides that the district courts have jurisdiction, but do not preclude jurisdiction in local courts." Id., 773.

U.S.C.] § 1334 (a). Thus, the trial court had jurisdiction to hear count II of [the tenant's] complaint" seeking damages pursuant to [11 U.S.C.] § 362 (k). (Citations omitted; footnote omitted; internal quotation marks omitted.) Id.

In a footnote at the end of the opinion, the court explained that "[t]here may be some concern that local courts are not the best fora to determine questions that so directly affect the operations of the Bankruptcy Code. In light of the clear statutory scheme that preserves and, indeed, appears to defer to state court jurisdiction except with regard to cases 'under' title 11 . . . we are not free to resolve that concern, however, by reference to exclusive federal jurisdiction. The fact that the trial court has jurisdiction over the complaint does not preclude a party from seeking to remove the case to federal court under 28 U.S.C. § 1452 (1994). We note also that if the complaint had been filed during the pendency of the bankruptcy petition, it could be argued that the district court had exclusive jurisdiction to entertain these claims as involving the 'property of the estate.' . . . We need not address this argument because any 'property' interest that may have been created by the claims could not have been 'of the estate' once the bankruptcy case had been dismissed . . . ." (Citations omitted.) Id., 773 n.12.[13]

---

[13] In a concurring opinion in *Powell*, Judge Schwelb noted that "[t]he doctrine that a court order is to be enforced by the court which issued it, and only by that court, has been applied in cases very similar to [*Powell*]. In *Hawthorne* v. *Hameed*, 836 P.2d 683 (Okla. Civ. App. 1989), a debtor who had filed for bankruptcy protection sued his creditor in a local district court for wrongful garnishment, alleging that the garnishment was in violation of the bankruptcy court's automatic stay. The trial court entered judgment on a jury verdict in favor of the debtor, but the appellate court reversed, holding that the bankruptcy court had the sole responsibility to determine the effects of its own stay, and that in Oklahoma the power of a state court to punish for contempt lies exclusively in the court whose order is violated. . . . The court [in *Hawthorne*] went on to explain that claims for relief from the creditor's acts prohibited solely by the automatic stay should be brought only in bankruptcy court. . . . The decision in *Hawthorne* was

In *Halas* v. *Platek*, supra, 239 B.R. 784, however, the District Court for the Northern District of Illinois, exercising de novo review of the Bankruptcy Court's ruling; see footnote 6 of this opinion; reached the opposite conclusion regarding jurisdiction over an 11 U.S.C. § 362 (k) claim. In that case, eight days after Attorney Regan D. Ebert filed a tort action against James Halas, Halas filed a chapter 13 bankruptcy petition. Id., 786. Ebert, unaware of the bankruptcy petition, obtained a default judgment against Halas, who then notified Ebert of his pending bankruptcy case. Id. Halas' bankruptcy case subsequently was dismissed, and Ebert transferred her file to a different attorney, David F. Platek, who enforced the judgment by garnishing Halas' wages. Id. In response, Halas filed a motion to vacate the state court judgment. In that motion, Halas argued that the judgment was void because it was entered in violation of the automatic stay and requested "a return of all monies collected pursuant to the default judgment, a stay of any further collection, and any other relief the state court might deem just and equitable." Id. The state court granted Halas' motion to vacate but denied his requests for additional relief. Id.

Halas then filed in the Bankruptcy Court a request for sanctions against Ebert and Platek for violating the automatic stay pursuant to 11 U.S.C. § 362 (k). Id., 786. The Bankruptcy Court, after reopening the bankruptcy case and holding a hearing on the request for sanctions,

followed in *Ramdharry* v. *Gurer*, [Docket No. CV-89-42620, 1995 WL 41353 (Conn. Super. January 25, 1995)]. The courts in *Hawthorne* and *Ramdharry*, however, did not address or even mention the relevant provisions of 28 U.S.C. § 1334 (a) and (b) . . . ." (Citations omitted; internal quotation marks omitted.) *Powell* v. *Washington Land Co.*, supra, 684 A.2d 774 (Schwelb, J., concurring). Judge Schwelb also emphasized in his concurring opinion that the "undisputed and unassailable determination that [the tenant's] case 'arises under' the Bankruptcy Code [compelled] the conclusion that, according to the terms of [28 U.S.C. §] 1334 (b), the bankruptcy court had original but not exclusive jurisdiction . . . ." Id., 775.

found that Platek wilfully violated the automatic stay but nonetheless concluded that res judicata precluded Halas' request for sanctions pursuant to 11 U.S.C. § 362 (k) because "the state court had concurrent jurisdiction to impose [11 U.S.C.] § 362 ([k]) sanctions" and declined to do so when it adjudicated Halas' motion to vacate. Id., 786–87. In a motion for rehearing, Halas argued that "violations of an automatic stay fall within the exclusive jurisdiction of the bankruptcy court." Id., 787. The Bankruptcy Court denied the motion, explaining "that under 28 U.S.C. § 1334 (b), the state court had concurrent jurisdiction to impose an [11 U.S.C.] § 362 ([k]) sanction and [finding] that Halas had litigated a similar motion for sanctions at the state level." (Footnote omitted; internal quotation marks omitted.) Id.

Halas appealed to the United States District Court for the Northern District of Illinois, claiming that the Bankruptcy Court improperly concluded that res judicata barred his 11 U.S.C. § 362 (k) claim. Id. The District Court restated the issue as "whether [an 11 U.S.C.] § 362 ([k]) motion for sanctions falls under the exclusive jurisdiction of the bankruptcy court pursuant to [28 U.S.C.] § 1334 (a) or under the non-exclusive jurisdictional provision of [28 U.S.C.] § 1334 (b)." Id., 788. In resolving that issue, the court noted that, although it had found no "federal case directly addressing the jurisdictional issue [of] whether a state court has jurisdiction to impose [11 U.S.C.] § 362 ([k]) sanctions"; id., 789; it had found "one state case, *Hawthorne* v. *Hameed*, 836 P.2d 683 [(Okla. Civ. App. 1989)],[14] and one case from the District of Columbia, *Powell* v. *Washington Land Co.*, [supra, 684 A.2d 769], that" had addressed the jurisdictional issue. (Footnote added.) Id., 790.

After reviewing the decisions in *Powell* and *Hawthorne*, the court concluded "that [an 11 U.S.C.] § 362

---

[14] See footnotes 11 and 13 of this opinion.

([k]) request for sanctions is within the exclusive jurisdiction of the bankruptcy court under [28 U.S.C.] § 1334 (a)." *Halas* v. *Platek*, supra, 239 B.R. 792. The court reasoned that, although "the decision in *Powell* is well-reasoned, the court finds the holding in *Hawthorne* to be more consistent with the aims of the Bankruptcy Code. In short, allowing state courts to impose [11 U.S.C.] § 362 ([k]) sanctions, a penalty so closely intertwined with the bankruptcy case itself, would undermine Congress' intent to have one uniform bankruptcy system. . . . The court reaches this conclusion despite [28 U.S.C.] § 1334 (b)'s language, a fair reading of which does suggest that state courts have jurisdiction over [11 U.S.C.] § 362 ([k]) requests. That is, [11 U.S.C.] § 362 ([k]) has been construed as creating a cause of action . . . and when a cause of action is one which is created by title 11, then that civil proceeding is one arising under title 11. . . . Further, that [an 11 U.S.C.] § 362 ([k]) action is considered a core proceeding . . . and hence, within the ambit of [28 U.S.C.] § 1334 (b), does not alter the court's conclusion. Section 1334 (b) [of title 11 of the United States Code]is primarily an expansion of bankruptcy courts' jurisdiction rather than an avenue for state courts to address issues traditionally within the realm of the bankruptcy courts. In other words, the focus of [28 U.S.C.] § 1334 (b) is on the scope of the bankruptcy court's jurisdiction rather than the state court's. . . .

"For these reasons, the court concludes that state courts do not have jurisdiction to impose sanctions under [11 U.S.C.] § 362 ([k]). . . . Because the state court did not have jurisdiction, Halas could not have sought [11 U.S.C.] § 362 ([k]) sanctions in that forum." (Citations omitted; internal quotation marks omitted.) Id., 792–93.

In their supplemental briefs in the present case, the parties' respective positions on *Powell* and *Halas* are

unsurprising. The defendant endorses the reasoning set forth in *Powell* and reiterates that the trial court has jurisdiction to adjudicate her counterclaim for damages pursuant to 11 U.S.C. § 362 (k). The plaintiff, in turn, argues that "[t]his court should follow the reasoning in *Halas* [rather than] *Powell* when considering grounds of exclusive jurisdiction" because the defendant's 11 U.S.C. § 362 (k) claim is "under the exclusive jurisdiction of the federal courts under 28 U.S.C. § 1334 (a)." Given the express statutory language in 28 U.S.C. § 1334, we find the court's reasoning in *Powell*, which comports with our reading of federal statutes, more persuasive.

The court in *Halas* v. *Platek*, supra, 239 B.R. 792–93, acknowledged that "a fair reading of [28 U.S.C. § 1334 (b)] does suggest that state courts have jurisdiction" to award damages pursuant to [11 U.S.C.] § 362 (k) because the statute authorizes a cause of action for damages, which would constitute a civil proceeding "arising under title 11" for purposes of 28 U.S.C. § 1334 (b). (Internal quotation marks omitted.) The court in *Halas* nonetheless dismisses the significance of this plain reading of 28 U.S.C. § 1334 (b) because that subsection "is primarily an expansion of bankruptcy courts' jurisdiction rather than" the jurisdiction of state courts. Id., 793. This reasoning is particularly unpersuasive given the well settled presumption of concurrent state court jurisdiction over federal claims, which presumption the court neither acknowledged nor discussed in *Halas*. We decline to ignore the express statutory language distinguishing between federal jurisdiction of bankruptcy proceedings that is exclusive and that which is "*not exclusive*"; (emphasis added) 28 U.S.C. § 1334 (a) and (b) (2012); when such distinction reinforces the well settled presumption of concurrent state court jurisdiction over federal claims.

We also find unavailing the court's reasoning that "allowing state courts to impose [11 U.S.C.] § 362 ([k]) sanctions, a penalty so closely intertwined with the bankruptcy case itself, would undermine Congress' intent to have one uniform bankruptcy system." *Halas* v. *Platek*, supra, 239 B.R. 792. Much like the Second Circuit Court of Appeals, we are "not persuaded that a stay, which arises by operation of statutory law and *not by any affirmative order of the bankruptcy court,* is so closely related to an injunction that the bankruptcy court is uniquely able to interpret and enforce its provisions." (Emphasis added.) *MBNA America Bank, N.A.* v. *Hill*, supra, 436 F.3d 110. Indeed, the Second Circuit's reasoning with respect to the arbitrability of an 11 U.S.C. § 362 (k) claim in that case applies with equal force in the present case. That is, like arbitration, a state court "is presumptively an appropriate and competent forum for federal statutory claims," and state court judges, much like arbitrators, "would be asked to interpret and enforce a statute, not an order of the bankruptcy court."[15] See id.; see also, e.g., *Sullins* v. *Rodriguez*, 281 Conn. 128, 133–34, 913 A.2d 415 (2007) ("State courts have concurrent jurisdiction over claims brought

---

[15] We note that the standard for determining damages pursuant to 11 U.S.C. § 362 (k) is neither complex nor unique to bankruptcy law. As the Second Circuit has explained: "any deliberate act taken in violation of a stay, which the violator knows to be in existence, justifies an award of actual damages. An additional finding of maliciousness or bad faith on the part of the offending creditor warrants the further imposition of punitive damages . . . . This standard encourages would-be violators to obtain declaratory judgments before seeking to vindicate their interests in violation of an automatic stay, and thereby protects debtors' estates from incurring potentially unnecessary legal expenses in prosecuting stay violations." *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2d Cir. 1990); see also *In re Parker*, 634 Fed. Appx. 770, 773 (11th Cir. 2015) ("Punitive sanctions are appropriate when a party acts with reckless or callous disregard for the law or rights of others. . . . [P]unitive damages [are] appropriate to serve the dual purposes of punishing [a violator's] indifference to the law . . . and to deter . . . future similar misconduct." (Citations omitted; internal quotation marks omitted.)).

under [42 U.S.C.] § 1983. . . . The elements of, and the defenses to, a federal cause of action are defined by federal law." (Citations omitted; internal quotation marks omitted.)).[16] Accordingly, we decline to follow the court's reasoning in *Halas*, which ignores the plain text of 28 U.S.C. § 1334 and the presumption of concurrent jurisdiction.

Instead, much like the District of Columbia Court of Appeals, we find that the plain language of the relevant statutes compels our conclusion that an action for damages pursuant to 11 U.S.C. § 362 (k) is a civil proceeding arising under title 11 and, thus, is within the original but not exclusive jurisdiction of the federal district courts pursuant to 28 U.S.C. § 1334 (b). Consequently, the trial court improperly dismissed the defendant's counterclaim for lack of subject matter jurisdiction.[17]

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

---

[16] Like 11 U.S.C. § 362 (k), "[t]itle 42 of the United States Code, § 1983 permits an award of compensatory damages . . . and an award of punitive damages in a proper case." (Citation omitted; internal quotation marks omitted.) *West Haven* v. *Hartford Ins. Co.*, 221 Conn. 149, 160, 602 A.2d 988 (1992).

[17] We nevertheless note, as the court in *Powell* did, that "[t]he fact that the trial court has jurisdiction over the [counterclaim] does not preclude a party from seeking to remove the case to federal court . . . ." *Powell* v. *Washington Land Co.*, supra, 684 A.2d 773 n.12.